Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Ryan A. Graham, Esq., Bar No.: 310186
rgraham@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
Tel ....818.562.5800
Fax....818.562.5810

*Attorneys for Defendants,*
County of Los Angeles (named additionally as "Los Angeles Department of Children and Family Services"), Gladys Escobedo, Ruben Jimenez, Sandra Jimenez, Ilana Lara, Antonia Lopez, Laura Luna, Gloria Mejia, Stephanie Morales, Melissa Ramirez, Alexandra Ronces, Erica Salas, and Rachel Simons

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA GARCIA ARANDA, an individual; ALFRED ARANDA, an individual; and Minor Plaintiff B.A., by and through his Guardian ad Litem, Karla Garcia Aranda,<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, a public entity, LOS ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES, a subdivision of the County of Los Angeles; RUBEN JIMENEZ, an individual; MELISSA RAMIREZ, an individual; LYDIA BUENO, an individual; ALEXANDRA RONCES, an individual; GLADYS ESCOBEDO, an individual; EVITA SALAS, an individual; ANTONIA LOPEZ, an individual; RACHEL SIMONS, an individual; GLORIA MEJIA, and individual; STEPHANIE MORALES. an individual; LAURA LUNA, an individual; SANDRA JIMENEZ, an individual; OFFICER PACHECO, an individual; OFFICER ESPINOZA, an individual, and DOES 1-50,<br><br>        Defendants. | Case No. 2:19-CV-1770-RGK-RAO<br><br>Hon. R. Gary Klausner (Dist. Judge)<br>Hon. Rozella A. Oliver (Mag. Judge)<br><br>**DEFENDANTS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Date:      May 20, 2019<br>Time:      9:00 a.m.<br>Courtroom:  850, 8th Floor<br><br><br><br><br><br>Complaint Filed: August 15, 2018 |

*PETERSON · BRADFORD · BURKWITZ*
*100 North First Street, Suite 300*
*Burbank, California 91502*
*818.562.5800*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 20, 2019, before the Hon. R. Gary Klausner, at the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Defendants County of Los Angeles (inclusive of the "Los Angeles Department of Children and Family Services," erroneously named as a distinct entity), Gladys Escobedo, Ruben Jimenez, Sandra Jimenez, Ilana Lara, Antonia Lopez, Laura Luna, Gloria Mejia, Stephanie Morales, Melissa Ramirez, Alexandra Ronces, Evita Salas, and Rachel Simons ("Defendants") will move the Court for an order dismissing the second, third, fourth, fifth, and sixth claims in Plaintiff's Complaint for Damages ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants do not challenge the first claim for relief.  The motion will be made and based on the following grounds:

1. Plaintiffs' second claim for relief, entitled "intentional infliction of emotional distress," fails to state a claim upon which relief can be granted;

2. Plaintiffs' third claim for relief, entitled "unlawful seizure, 42 U.S.C. § 1983," fails to state a claim upon which relief can be granted;

3. Plaintiffs' fourth claim for relief, entitled "violation of civil rights 42 U.S.C. § 1983, Fourteenth Amendment," fails to state claim upon which relief can be granted;

4. Plaintiffs' fifth claim for relief, entitled "violations of due process, 42 U.S.C. § 1983," fails to state a claim upon which relief can be granted," and

5. Plaintiffs' sixth claim for relief, entitled "*Monell* related claims," fails to state a claim upon which relief can be granted.

This Motion is made and based upon the Complaint, the Court file, the Memorandum Points and Authorities submitted herewith, and the hearing on this

1

matter, and any matters upon which the Court may take judicial notice.

2

This motion is made following the conference of counsel pursuant to L.R. 7-

3

3, which occurred on March 14, 2019 via email between counsel for Defendants and

4

counsel for Plaintiffs, L. Wallace Pate. The parties conferred again in connection

5

with a joint stipulation to extend the responsive pleading deadline. (ECF No. 19.)

6

Plaintiffs' counsel has agreed that, in order to return to state court, they would not

7

oppose a motion to dismiss the federal claims. However, out of an abundance of

8

caution, Defendants bring this motion to ensure the federal claims are defeated on

9

the merits, if opposed in fact.

10

DATED: April 17, 2019                    PETERSON · BRADFORD · BURKWITZ

11

12

By:      /s/ Ryan A. Graham, Esq.

13

Avi Burkwitz, Esq.

Ryan A. Graham, Esq.

14

*Attorneys for Defendants,*

COUNTY OF LOS ANGELES,

15

GLADYS ESCOBEDO,

RUBEN JIMENEZ,

16

SANDRA JIMENEZ,

ILANA LARA,

17

ANTONIA LOPEZ,

18

LAURA LUNA,

GLORIA MEJIA,

19

STEPHANIE MORALES,

20

MELISSA RAMIREZ,

ALEXANDRA RONCES,

21

EVITA SALAS, AND

RACHEL SIMONS.

22

23

24

25

26

27

28

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

3

# **TABLE OF CONTENTS**

**I.    INTRODUCTION** ...................................................................13

**II.   LEGAL STANDARD** ...........................................................13

**III.  STATEMENT OF FACTS**...................................................14

    A.   Initial LASD and DCFS involvement ..................................14

    B.   The first removal; placement with Martha Urbina; and actions of Defendants Melissa Ramirez, Ronces, and Lara..................................15

    C.   Domestic violence investigations and actions of Defendants Escobedo, Ruben Jimenez, Rachel Simons .........................................16

    D.   Subsequent removal; Defendants Salas, Lopez, Mejia, Morales, and Luna...................................................................17

**IV.   ARGUMENT** ......................................................................18

    A.   Third Claim for Relief: Unlawful Seizure, 42 U.S.C. § 1983 ..............19

        1.   *The allegations against Defendant Melissa Ramirez fail to state a plausible claim of judicial deception under the Fourth Amendment.* ................................................................20

        2.   *For the remaining individual defendants, there are insufficient allegations of personal participation to state a claim for relief under § 1983.*...........................................................22

        3.   *Plaintiffs cannot state a claim against Defendant DCFS because it is not a "person" for purposes of § 1983.*...............................22

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

4

4.     There are insufficient allegations of policy to render Defendant County a "person" for purposes of § 1983. .............................23

B.     Fourth Claim for Relief: Fourteenth Amendment, 42 U.S.C. § 1983...25

   1.     The claim is procedurally speculative. .....................................25

   2.     The claim is additionally inadequate as to the entity defendants. .................................................................................26

C.     The Fifth Claim for Relief: Due Process (Unspecified).......................27

D.     Sixth Claim for Relief: *Monell*-Related Claims..................................28

   1.     Plaintiffs have failed to allege a constitutional violation with the requisite level of specificity.......................................................28

   2.     Failure to allege any underlying constitutional violations warrants dismissal of the Monell claims. ................................29

   3.     Plaintiffs have failed to sufficiently allege that any municipal policies exist, much less that any policies caused any constitutional violations.........................................................29

E.     Second Claim for Relief: IIED ............................................................30

V.     **CONCLUSION** ..........................................................................**32**

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

5

# **TABLE OF AUTHORITIES**

## **Cases (U.S. Supreme Court)**

*Albright v. Oliver*,

   510 U.S. 266 (1994) ................................................................... 17, 24

*Ashcroft v. Iqbal*,

   556 U.S. 662 (2009) ................................................................... 13, 21

*Baker v. McCollan*,

   443 U.S. 137 (1979) ........................................................................ 17

*Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*,

   520 U.S. 397 (1997) ........................................................................ 22

*Bell Atl. Corp. v. Twombly*,

   550 U.S. 544 (2007) ........................................................... 12, 13, 25

*City of Canton, Ohio v. Harris*,

   489 U.S. 378 (1989) ........................................................................ 29

*City of Los Angeles v. Heller*,

   475 U.S. 796 (1986) ........................................................................ 28

*City of Oklahoma City v. Tuttle*,

   471 U.S. 808 (1985) ........................................................................ 29

*City of St. Louis v. Praprotnik*,

   485 U.S. 112 (1988) ................................................................... 22, 28

*Cty. of Sacramento v. Lewis*,

   523 U.S. 833 (1998) ........................................................................ 26

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*Franks v. Delaware*,

    438 U.S. 154 (1978) ................................................................................. 18, 19

*Mathews v. Eldridge*,

    424 U.S. 319 (1976) ......................................................................................... 26

*Monell v. Dep't of Soc. Servs. of City of New York*,

    436 U.S. 658 (1978) ..................................................................... 17, 22, 27, 28

*Papasan v. Allain*,

    478 U.S. 265 (1986) ......................................................................................... 13

*Pembaur v. City of Cincinnati*,

    475 U.S. 469 (1986) ......................................................................................... 29

## <u>Cases (Circuit Courts of Appeals)</u>

*Bautista v. Los Angeles Cty.*,

    216 F.3d 837 (9th Cir. 2000) ........................................................................... 12

*Brittain v. Hansen*,

    451 F.3d 982 (9th Cir. 2006) (collecting cases). ............................................. 26

*Buckey v. Cty. of Los Angeles*,

    968 F.2d 791, 794 (9th Cir. 1992) ................................................................... 12

*Butler v. Elle*,

    281 F.3d 1014 (9th Cir. 2002) ................................................................... 18, 19

*Dougherty v. City of Covina*,

    654 F.3d 892 (9th Cir. 2011) ........................................................................... 25

*Ewing v. City of Stockton*,

    588 F.3d 1218 (9th Cir. 2009) ......................................................................... 19

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
Case No. 2:19-CV-1770-RGK-RAO

*N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx*

*Galbraith v. Cty. of Santa Clara,*

   307 F.3d 1119 (9th Cir. 2002) ................................................................. 19

*Hardrick v. City of Detroit, Michigan,*

   876 F.3d 238 (6th Cir. 2017) ................................................................... 27

*Hardwick v. Cty. of Orange,*

   844 F.3d 1112 (9th Cir. 2017) ................................................................. 23

*Kirkpatrick v. Cty. of Washoe,*

   843 F.3d 784 (9th Cir. 2016) ................................................................... 18

*KRL v. Moore,*

   384 F.3d 1105 (9th Cir. 2004) ................................................................. 19

*Leer v. Murphy,*

   844 F.2d 628 (9th Cir. 1988) ................................................................... 20

*Lombardi v. City of El Cajon,*

   117 F.3d 1117 (9th Cir. 1997) ................................................................. 19

*Lowry v. City of San Diego,*

   858 F.3d 1248 (9th Cir. 2017),

   *cert. denied sub nom.Lowry v. City of San Diego, Cal.,* 138 S. Ct. 1283 (2018) ........... 27

*Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.,*

   237 F.3d 1101 (9th Cir. 2001) ................................................................. 18

*Moore v. Cty. of Butte,*

   547 F. App'x 826 (9th Cir. 2013) ............................................................ 23

*Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001) ........................................... 13

*Original Ballet Russe v. Ballet Theatre,*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

8

133 F.2d 187 (2d Cir. 1943) ....................................................................................... 12

*OSU Student All. v. Ray,*

699 F.3d 1053 (9th Cir. 2012) ................................................................................... 17

*Palmerin v. City of Riverside,*

794 F.2d 1409 (9th Cir. 1986) ................................................................................... 28

*Powe v. City of Chicago,*

664 F.2d 639 (7th Cir. 1981) ..................................................................................... 27

*Rogers v. Cty. of San Joaquin,*

487 F.3d 1288 (9th Cir. 2007) ................................................................................... 18

*Taylor v. Yee,*

780 F.3d 928 (9th Cir. 2015) ..................................................................................... 13

*United States v. Kama,*

394 F.3d 1236 (9th Cir. 2005) ................................................................................... 22

*United States v. Smith,*

588 F.2d 737 (9th Cir. 1978) ..................................................................................... 19

*Wallis v. Spencer,*

202 F.3d 1126 (9th Cir. 2000) ................................................................................... 30

*Wood v. Ostrander,*

879 F.2d 583 (9th Cir. 1989) ..................................................................................... 26

## <u>Cases (U.S. District Courts)</u>

*Brown v. Alexander,*

No. 13-01451 SC, 2013 WL 6578774 (N.D. Cal. Dec. 13, 2013) ................................. 18

*Cassette v. King Cty.,*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

9

625 F. Supp. 2d 1084 (W.D. Wash. 2008), *aff'd,* 338 F. App'x 585 (9th Cir. 2009) ...... 18

*Felarca v. Birgeneau*,

  No. 11-CV-05719 YGR, 2013 WL 663921 (N.D. Cal. Feb. 22, 2013) .......................... 17

*Garcia v. City of Merced*,

  637 F. Supp. 2d 731 (E.D. Cal. 2008) .......................................................................... 22

*McFarland v. City of Clovis*,

  163 F. Supp. 3d 798 (E.D. Cal. 2016) ......................................................................... 22

*Morris v. State Bar of California*,

  No. CV F 09-0026-LJO-GSA, 2010 WL 966423 (E.D. Cal. Mar. 11, 2010) ................ 22

*Nelson v. Cty. of Sacramento*,

  926 F. Supp. 2d 1159 (E.D. Cal. 2013) ........................................................................ 22

*Olvera v. Cty. of Sacramento*,

  932 F. Supp. 2d 1123 (E.D. Cal. 2013) ........................................................................ 23

*Rabinovitz v. City of Los Angeles*,

  287 F. Supp. 3d 933 (C.D. Cal. 2018) ......................................................................... 22

*Sanchez v. City of Riverside*,

  596 F. Supp. 193 (C.D. Cal. 1984) .............................................................................. 28

*Vance v. Cty. of Santa Clara*,

  928 F. Supp. 993 (N.D. Cal. 1996) .............................................................................. 22

## <u>No table of authorities entries found.Cases (State Appellate)</u>

*Alicia T. v. Cty. of Los Angeles*,

  222 Cal. App. 3d 869 (1990) .............................................................................. 24, 32

*Amylou R. v. Cty. of Riverside*,

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

10

28 Cal. App. 4th 1205 (1994) ....................................................................... 31

*Cochran v. Herzog Engraving Co.*,

155 Cal. App. 3d 405 (1984) ...................................................................... 31

*Coleman v. Cty. of Fresno*,

No. F042414, 2003 WL 22455402 (Cal. Ct. App. Oct. 28, 2003) .............. 24

*de Villers v. Cty. of San Diego*,

156 Cal. App. 4th 238 (2007) ..................................................................... 31

*Jacqueline T. v. Alameda Cty. Child Protective Servs.*,

155 Cal. App. 4th 456 (2007) ..................................................................... 24

*James W. v. Superior Court of San Diego County* (*Goodfriend*),

17 Cal. App. 4th 246 (1993) ....................................................................... 24

*Jenkins v. Cty. of Orange*,

212 Cal. App. 3d 278 (1989) ................................................................ 24, 32

*Towery v. State*,

14 Cal. App. 5th 226 (2017) ....................................................................... 31

## Constitutional Provisions (U.S.)

U.S. Const. amend. XIV, § 4 .............................................................................. 26

## Statutes (State)

California Government Code § 815(a) ................................................................. 31

California Government Code § 815.2(b) .............................................................. 32

California Government Code § 820.21 ........................................................... 24, 32

California Government Code § 821.6 .............................................................. 31, 32

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

11

California Government Code § 900.4 ............................................................... 31

Government Code § 820.2 ...................................................................... 31, 32

## **Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) ....................................................... 14

Federal Rule of Civil Procedure 8 ................................................................. 13

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
Case No. 2:19-CV-1770-RGK-RAO

*N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs B.A., Karla Aranda and Alfredo Aranda (Plaintiffs "Karla" and "Alfredo")[1] bring a civil rights action that—with respect to their claims under 42 U.S.C. § 1983—"aims in the general direction of the federal Constitution with buckshot." *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). While the Complaint describes the admitted misfortune of Plaintiff B.A. and his parents, and identifies those who they believe are the cause—the Department of Children and Family Services ("DCFS"), the County of Los Angeles (the "County"), and a litany of social workers—Plaintiffs in no way adequately plead injuries cognizable under 42 U.S.C. § 1983 ("§ 1983") or the state claim of intentional infliction of emotional distress. The Complaint must be dismissed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles Cty.*, 216 F. 3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943)). "To comply with Rule 8[,] each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista*, 216 F.3d at 840. Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555–56. Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[1] Defendants use Plaintiffs' first names to differentiate between the two, as they have the same surnames, and mean no disrespect.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

*N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint that simply offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement'" will not do. *Iqbal*, 556 U.S. at 678 (first quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986), then quoting *Twombly*, 550 U.S. at 555, 557).

Under Rule 12(b)(6), a party may move to dismiss a claim for relief for its failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

In evaluating a complaint against a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Motions to dismiss test complaints against a plausibility standard: *i.e.*, whether the complaint contains sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

### III.   STATEMENT OF FACTS

**A. Initial LASD and DCFS involvement**

Plaintiff B.A. is the child of Plaintiffs Karla and Alfredo. (Compl. ¶ 67[2].) In 2013, the three of them lived together as a family unit. (*Id.*) In October 2013, Plaintiff Alfredo made a complaint to the LASD headquarters about two deputies—Defendants Pacheco and Espinoza. (¶ 68.) On December 28, 2013, Defendants

---

[2] The remaining paragraph citations indicated with a pilcrow (¶) in Part II are to the Complaint, ECF No. 1-2.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1   Pacheco and Espinoza (who remain un-served) reported a domestic violence

2   incident involving Plaintiffs Alfredo and Karla to the DCFS child protection hotline,

3   although there was no actual domestic violence. (¶ 69.) On December 31, 2013,

4   Plaintiff Alfredo moved out of the family home and into his parents' home. (¶ 71.)

5       In May 2014, the deputies falsified a second incident of domestic violence.

6   (¶ 70.) On May 5, 2014, unspecified children's social workers (CSWs) from DCFS

7   removed Plaintiff B.A. from Plaintiff Karla's custody. (¶ 76.) On May 8, 2014, a

8   CSW filed a dependency petition under Welfare & Institutions Code § 300 and an

9   accompanying detention report that were "perjured." (¶ 78.) The Complaint does not

10  explain how these documents were perjured, but does allege that Defendants

11  Pacheco and Espinoza testified falsely at the hearing on the petition. (Id.)

12      The juvenile court sustained the allegations in the petition, but released

13  Plaintiff B.A. back to Plaintiff Karla based on the following conditions: (1) that she

14  divorce Plaintiff Alfredo; (2) that she comply with an LASD restraining order

15  forbidding Plaintiff Alfredo from being around her; (3) that she complete court-

16  ordered programs; and (4) that she maintain monitored visits between Plaintiffs B.A.

17  and Alfredo for several hours per week. (¶ 79.)

18      On June 2, 2015, two non-party CSWs filed a report with the juvenile court

19  recommending that juvenile court jurisdiction be terminated and that full custody of

20  Plaintiff B.A. be given to Plaintiff Karla. (¶ 81.)

21  **B. The first removal; placement with Martha Urbina; and actions of**

22  **Defendants Melissa Ramirez, Ronces, and Lara**

23      On June 3, 2015, Huntington Park police officers "conducted a drug raid on

24  Karla's house in Karla's absence." (¶ 86.) On June 4, 2015, information related to

25  the drug raid was passed on to DCFS. (¶ 87.) On June 5, 2015 Defendant Melissa

26  Ramirez was assigned to investigate the situation. (¶ 88.) On June 15, 2015, she

27  filed a request for removal, in which she swore there was probable cause to remove

28  Plaintiff B.A. from his home on the belief that continued residence with his parents

15

was contrary to his welfare. (¶ 89.) Plaintiffs allege the there was no such probable cause. (*Id.*)

On June 18, 2015, Defendants Melissa Ramirez and Lydia Bueno (not served) seized Plaintiff B.A. from Plaintiff Karla's custody based on the June 3 police report stating that drugs were found in Plaintiff Karla's bathroom and that Plaintiff Alfredo lived in the home. (¶ 90.) Plaintiff B.A. was placed in the home of non-party Martha Urbina. (¶ 96.) Urbina was not licensed or certified to provide foster care. (¶ 91.)

On June 19, 2015, Defendant Illana Lara falsified information in a contact log about Urbina's address. (¶¶ 91, 92.) The Complaint seems to suggest that Defendant Lara was the one who placed Plaintiff B.A. with Urbina "on or about 6-29-15." (¶ 97.) There are no other allegations concerning Defendant Lara.

On June 23, 2015, Defendants Melissa Ramirez and Bueno filed a detention report that was "perjured" because it falsely claimed that Plaintiff Karla failed to protect Plaintiff B.A. from Plaintiff Alfredo's drug use in the family's home. (¶ 94.) The same day, Defendant Alexandra Ronces filed a juvenile dependency petition that contradicted the detention report filed by Defendants Melissa Ramirez and Bueno. (¶ 94.)

At various times during the placement of Plaintiff B.A. with Urbina, Urbina asked Plaintiff Karla for $200 in exchange for an agreement that she (Urbina) would not steal Plaintiff B.A.'s identification. (¶ 96.) Karla agreed. (¶ 96.)

## C. Domestic violence investigations and actions of
## Defendants Escobedo, Ruben Jimenez, Rachel Simons

On July 17, 2015, a non-party social worker investigated allegations that domestic violence was occurring in Urbina's home and found that "domestic violence exists in the home and poses a risk of serious physical and emotional harm to children." (¶ 98.) The same day, Defendant Gladys Escobedo became the assigned social worker for Plaintiff B.A., replacing Defendant Lara. (¶ 100.) On July 21, 2015, Urbina told Defendant Escobedo she was no longer able to care for

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

16

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1  Plaintiff B.A. (¶ 101.)

2      On July 31, 2015, Defendant Escobedo falsified the address of a face-to-face

3  contact with Plaintiff B.A. and Josefina Renford—a family friend with whom B.A.

4  would later be placed—and forged the signature of Rendon on a Relative Caregiver

5  Agreement. (¶¶ 105, 106.) On August 5 and 19, 2015, Defendant Escobedo falsified

6  more delivered service logs. (¶¶ 107, 110.) On August 14, 2015, Defendant Ruben

7  Jimenez falsified a delivered service log as well. (¶ 108.)

8      On August 20, 2015, Defendants Ruben Jimenez and Rachel Simons filed a

9  jurisdiction/disposition report that falsely stated B.A. was placed with Rendon,

10  when B.A. was actually still living with Urbina. (¶ 111.)

11      On August 20, 2015, Defendants Ruben Jimenez and Rachel Simons filed a

12  jurisdiction/disposition report that falsely stated the following: (1) that Defendant

13  Ruben Jimenez meet B.A. and Karla at Rendon's house on August 14; (2) that B.A.

14  had been seen at the San Antonio Family Center medical clinic for therapy services;

15  (3) that B.A. had been re-placed from Urbina's home to Rendon's home on July 21,

16  2015, when no placement actually happened on that date. (¶¶ 111–119.)

17      On September 31, 2015, Defendant Escobedo forged Rendon's signature (for

18  a second time) on a "*Foster Parent Needs and Services Summary*." (¶ 122.)

19  **D. Subsequent removal; Defendants Salas, Lopez, Mejia, Morales, and Luna**

20      On October 1, 2015, Plaintiff B.A. was re-placed from the home of Urbina to

21  the home of Rendon. (¶ 123.) Plaintiff B.A. was removed from Rendon's care on

22  October 11, 2016 based on allegations that Rendon allowed Plaintiff B.A. to live

23  with Plaintiffs Karla and Alfredo for three months in violation of court orders. (¶

24  124.) On October 14, 2016, Defendants Salas and Lopez filed a detention report that

25  was "perjured." (¶ 125.) On October 14, 2016, Defendant Jimenez[3] filed a petition

26  under Welfare and Institutions Code § 387 that falsely claimed that Rendon allowed

27  _____

28  [3] The Complaint does not specify whether this act was committed by Defendant *Ruben* Jimenez or *Sandra* Jimenez.

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
Case No. 2:19-CV-1770-RGK-RAO

1  Plaintiffs Karla and Alfredo to have unlimited, unmonitored contact with B.A. in

2  violation of court orders. (¶ 129.)

3  On November 30, 2016, Defendants Mejia, Morales, and Luna filed

4  jurisdiction/disposition reports that made several misrepresentations. (¶ 130.)

5  In May 2017, Plaintiff Karla filed a petition under Welfare and Institutions

6  Code § 388 requesting to reunify with Plaintiff B.A. (¶ 132.) On June 15, 2017,

7  Defendant Mejia filed a WIC 366.26 report that mis-stated Plaintiff B.A. was placed

8  with Rendon on July 21, 2015, when in fact he was placed with her on October 1,

9  2015. (¶ 133.) In October 2017, Plaintiff B.A. was released to Plaintiff Karla's care

10  and jurisdiction in the juvenile court was terminated. (¶ 135.)

## IV.   ARGUMENT

12  Plaintiffs bring six claims for relief—two state claims and four claims under §

13  1983. Of the two state claims, negligence per se and intentional infliction of

14  emotional distress (IIED), Defendants move as to the IIED claim only. The federal

15  claims are discussed first.

16  To state a claim under § 1983 action, a plaintiff must plead four elements: (1)

17  conduct by "a person"; (2) acting "under color of state law"; (3) proximately caused

18  (4) the deprivation of a federally protected right. *Monell v. Dep't of Soc. Servs. of*

19  *City of New York*, 436 U.S. 658, 662–663 (1978); *OSU Student All. v. Ray*, 699 F.3d

20  1053, 1061 (9th Cir. 2012); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64

21  (9th Cir. 2005) (internal citations, quotation marks, and alterations omitted); *Felarca*

22  *v. Birgeneau*, No. 11-CV-05719 YGR, 2013 WL 663921, at *4 (N.D. Cal. Feb. 22,

23  2013). "Section 1983 'is not itself a source of substantive rights,' but merely

24  provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v.*

25  *Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144

26  n.3 (1979)). "The first step in any such claim is to identify the specific constitutional

27  right allegedly infringed." *Id.* (citations omitted).

28  As a threshold matter, the federal claims are time-barred as to Plaintiffs Karla

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1  and Alfredo. A civil rights claim under § 1983 has a statute of limitations of two

2  years, and the predicate conduct (*see* compl. ¶ 167 (2015)) took place over three

3  years before the lawsuit was filed in 2018. *Ramachandran v. City of Los Altos*, 359

4  F. Supp. 3d 801, 812 (N.D. Cal. 2019).

5  **A. Third Claim for Relief: Unlawful Seizure, 42 U.S.C. § 1983**

6  In the third claim for relief, with respect to a specific constitutional right,

7  Plaintiff B.A. alleges an "unlawful seizure" (compl. 33:25) and identifies the Fourth

8  Amendment (*id.* at 34:20, 34:27–28).

9  "Under the Fourth Amendment, government officials are ordinarily required

10  to obtain prior judicial authorization before removing a child from the custody of

11  her parent." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 790 (9th Cir. 2016). A

12  government official who removes a child from his or her home without prior judicial

13  authorization "must have reasonable cause to believe that the child is likely to

14  experience serious bodily harm in the time that would [otherwise] be required to

15  obtain a warrant." *Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1295 (9th Cir.

16  2007) (citing *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d

17  1101, 1108 (9th Cir. 2001)). "If a person knowingly or with reckless disregard for

18  the truth includes material false statements or omits material facts in an affidavit

19  submitted in support of a warrant application, he or she may be liable under Section

20  1983 for a Fourth Amendment violation." *Franks v. Delaware*, 438 U.S. 154, 155–

21  56 (1978); *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002); *Cassette v. King

22  Cty.*, 625 F. Supp. 2d 1084, 1087 (W.D. Wash. 2008), *aff'd,* 338 F. App'x 585 (9th

23  Cir. 2009); *Brown v. Alexander*, No. 13-01451 SC, 2013 WL 6578774, at *7 (N.D.

24  Cal. Dec. 13, 2013).

25  Plaintiff B.A. does not claim that he was detained without a warrant; rather,

26  he seems to bring a claim akin to *Franks* and its progeny. He identifies the seizure

27  as having been committed by Defendants Melissa Ramirez and Bueno, and being

28  based on allegations of substance abuse that "Defendants knew was false." (Compl.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

19

1   ¶¶ 90, 162.) The Complaint further alleges that Defendants Melissa Ramirez and

2   Bueno falsified Structured Decision-making Assessments and a detention report in

3   order to maintain custody of Plaintiff B.A. to obtain federal foster care funds. (¶¶

4   162, 163.) No specific allegations are made regarding the other defendants. (*See*

5   Compl. ¶¶ 160–165.)

### 1. *The allegations against Defendant Melissa Ramirez fail to state a plausible claim of judicial deception under the Fourth Amendment.*

8   To support a § 1983 claim of judicial deception/*Franks* claim, a plaintiff must

9   show that the defendant deliberately or recklessly made false statements or

10  omissions that were material to the finding of probable cause; and the court

11  determines the materiality of any alleged false statements or omissions. *KRL v.*

12  *Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing *Franks*, 438 U.S. at 155–56;

13  *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002); *Butler,* 281

14  F.3d at 1024). The materiality element requires the plaintiff to demonstrate that "the

15  magistrate would not have issued the warrant with false information redacted, or

16  omitted information restored." *Lombardi v. City of El Cajon*,  117 F.3d 1117, 1126

17  (9th Cir. 1997).  "'Omissions or misstatements resulting from negligence or good

18  faith mistakes will not invalidate an affidavit which on its face establishes probable

19  cause.'" *Ewing v.  City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (quoting

20  *United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978)). "'Nor may a claim of

21  judicial deception be based on an officer's erroneous assumptions about the evidence

22  he has received.'" *Id.* (quoting *Smith*, 588 F.2d at 739–40).

23  (a.) According to the Complaint, the "officers made a false incident report to

24  DCFS that stated Alfredo was living in the home with Karla and B.A. [and] selling

25  drugs in B.A.'s presence." (Compl. ¶ 86.) Defendants note, parenthetically, that this

26  conduct cannot support a § 1983 against Defendant Melissa Ramirez alone. Like

27  any § 1983 claim, Plaintiffs must show causation—and "[t]he inquiry into causation

28  *must be individualized* and focus on the duties and responsibilities of each individual

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

20

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
Case No. 2:19-CV-1770-RGK-RAO

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added) (citations omitted). Moreover, any misstatements or omissions based of the officers' conduct would be, at most, rise to the level of negligence or a good faith mistake that *Ewing* teaches does not state a plausible claim.

(b.) Next, Plaintiffs allege that the information from law enforcement was received by DCFS on June 4, 2016. (Compl. ¶ 87.) On June 5, Defendant Melissa Ramirez was allegedly was assigned to investigate. (Compl. ¶ 88.) She interviewed Plaintiff Karla, who denied the allegations. (*Id.*) Plaintiffs also contend that Defendant Melissa Ramirez "knew from the Status Review Report filed on 6-2-15 that CSW Arroyo assessed and re-evaluated Bryan two days prior to removal as 'well cared for and actively participating in school' and recommended termination of court supervision with full custody to Karla." (*Id.*) Based on these facts, Plaintiffs allege that Defendant Melissa Ramirez' statement of probable cause in support of the Request for Removal filed on June 15, 2015 was false. (Compl. ¶ 89.) While the Complaint is not entirely clear, Plaintiffs seem to take issue with the following statement: "[B.A.]'s physical environment poses a threat to his health or safety and there are no reasonable means by which the child can be protected without temporary removal from the physical custody of the parents or guardians." (*Id.*)

The notion that Defendant Melissa Ramirez made false statements by swearing that "continuance in the home of the parents is contrary to B.A.'s welfare" elides the fact that such language is a legal conclusion. Under California Rule of Court No. 5.676(a)(2), no child may be ordered detained unless a court finds that "[c]ontinuance in the home of the parent . . . is contrary to the child's welfare." Confronted with this language, any judge of the juvenile court would understand that an affiant was drawing a conclusion from facts stated elsewhere in the affidavit.

The notion that Defendant Melissa Ramirez made false statements by stating that there were no reasonable means by which B.A. could be protected without

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
Case No. 2:19-CV-1770-RGK-RAO

being removed also glosses over findings required under California law to order a child be detained. Under California Rule of Court No. 5.678(c)(3), a court cannot order a child detained "unless the court, after inquiry regarding available services, finds that there are no reasonable services that would prevent or eliminate the need to detain the child or that would permit the child to return home." Again, any judge confronting this language would know what they were facing a legal conclusion drawn from other facts.

Consequently, the only facts alleged in support of a judicial deception/*Franks*-style Fourth Amendment claim against Defendant Melissa Ramirez fail to state a claim against her—since none of the Complaints allegations permit an inference that her allegedly misleading statements were material to a finding of probable cause.

**2. *For the remaining individual defendants, there are insufficient allegations of personal participation to state a claim for relief under § 1983.***

To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. *Iqbal*, 556 U.S. at 676–77. Absent an allegation that the named officials were personally involved in the alleged deprivation, a complaint under § 1983 does not state a claim. *Id.* Here, in addition to Defendant Melissa Ramirez (discussed above), the third claim for relief is also brought against Defendants Ruben Jimenez, Ronces, Escobedo, Salas, Lopez, Simons, Meijia, Morales, Luna, and Sandra Jimenez. (Compl. 34:26–35:1.) There are no allegations against them of judicial deception in any warrant, application for removal, or anything else ostensibly falling within the purview of the Fourth Amendment—and the claim, as to them, is also subject to dismissal.

**3. *Plaintiffs cannot state a claim against Defendant DCFS because it is not a "person" for purposes of § 1983.***

Municipal departments or administrative sub-units are not "persons" for

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

22

purposes of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239–41 (9th Cir. 2005) (Ferguson, J., concurring specially) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983") (citations omitted); *Morris v. State Bar of California*, No. CV F 09-0026-LJO-GSA, 2010 WL 966423, at *3 (E.D. Cal. Mar. 11, 2010) ("The Fresno Fire Department is a "sub-unit" of the City of Fresno and is not a person under § 1983."); *accord Rabinovitz v. City of Los Angeles*, 287 F. Supp. 3d 933, 963 (C.D. Cal. 2018) ("Plaintiffs cannot maintain a *Monell* claim against the LAPD as a matter of law.") (citing *Kama*, 394 F.3d at 1239–40); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (citing *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996)); *McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 808 (E.D. Cal. 2016); *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008); *Vance*, 928 F. Supp. at 996 ("the term 'persons' does not encompass municipal departments" in context of Section 1983).

Accordingly, Plaintiffs cannot maintain a claim for relief under § 1983 against Defendant DCFS.

### 4. There are insufficient allegations of policy to render Defendant County a "person" for purposes of § 1983.

Section 1983 only holds a municipality liable for acts that the municipality is itself actually responsible: *i.e.*, "acts which the municipality has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). Municipalities may not be held liable under a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). A plaintiff seeking to impose liability on a municipality under Section 1983 is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). Failure "to allege facts attributing a constitutional violation to any official custom or policy of a municipal defendant" is

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx*

grounds for dismissal for failure to state a claim. *Moore v. Cty. of Butte*, 547 F. App'x 826, 828 (9th Cir. 2013).

Here, Plaintiffs claim that the County has a "standard operati[ng] procedure to use perjury to detain and traffic children into foster care in violation of civil rights . . . for federal foster care funds." (Compl. ¶ 161.) As evidence of the existence of such a policy, Plaintiffs cite three facts from which they claim it can be inferred.

(a.) First, Plaintiffs refer to the enactment of California Government Code section 820.21. (Compl. ¶ 161.) "Section 820.21 precludes social workers from receiving certain state statutory immunities if the social worker maliciously commits perjury, fabricates evidence, fails to disclose known exculpatory evidence, or obtains testimony by duress, fraud, or undue influence." *Olvera v. Cty. of Sacramento*, 932 F. Supp. 2d 1123, 1169 (E.D. Cal. 2013). It "sets forth a narrow exception to statutory immunity when a social worker acts with malice." *Coleman v. Cty. of Fresno*, No. F042414, 2003 WL 22455402, at *3 (Cal. Ct. App. Oct. 28, 2003).

Prior to section 820.21's enactment, social workers were entitled to absolute immunity under various sections of the Government Code, such as section 820.2 and 821.6. *Jacqueline T. v. Alameda Cty. Child Protective Servs.*, 155 Cal. App. 4th 456, 466 (2007); *Alicia T. v. Cty. of Los Angeles*, 222 Cal. App. 3d 869, 883 (1990); *Jenkins v. Cty. of Orange*, 212 Cal. App. 3d 278, 283 (1989). Plaintiffs are correct that section 820.21 was enacted in 1995, and that it changed the immunity landscape. *See Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1119 (9th Cir. 2017).

Section 820.21 "was the direct result of a notorious case, *James W. v. Super. Ct.*, 17 Cal.App.4th 246, 21 Cal.Rptr.2d 169 (1993), wherein the trial court granted absolute immunity for egregious acts resulting in the removal of a child from her family." *Id.*

That case—*James W.*—arose from events in San Diego. *James W. v. Superior Court of San Diego County* (*Goodfriend*), 17 Cal. App. 4th 246 (1993).

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
Case No. 2:19-CV-1770-RGK-RAO

*N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

The underlying case was venued in San Diego: San Diego Superior Court Case No. 648007, Hon. S. Charles Wickersham. *Id.* (viewable on Cal./Cal. App. version, not national reporter version). The California appellate district that reversed the trial court—the Fourth District—encompasses San Diego.

Inferring the existence of a municipal policy in 2015 from legislative priorities in 1995 is speculative enough—but attempting to do so when history makes clear that the legislature was responding to a problem over a hundred miles south is impossible.

(b.) Second, Plaintiffs refer to "numerous tort claims, complaints, and civil lawsuits against Defendant County and Defendant DCFS based on perjury and cover-up since 1995 and the enactment of § 820.21." (Compl. ¶ 161.) Any increase in lawsuits against social workers after 1995 is unremarkable and does not permit an inference of any DCFS policy today: it only permits an inference that the legislature exposed them to more lawsuits by intentionally creating an exception to what was previously broad, absolute immunity.

(c.) Third, Plaintiffs refer to "hundreds of parents who will attest to the use of perjury and cover up by [the County and DCFS] to secure removal of their children." (Compl. ¶ 161.) Promises of future testimonies tomorrow are no substitute for well-pleaded facts today. The federal pleading standard requires the allegations to be granted a presumption of truth—it does not require a leap of faith as to future promises.

## B. Fourth Claim for Relief: Fourteenth Amendment, 42 U.S.C. § 1983

### 1. The claim is procedurally speculative.

As mentioned above, the first step in any § 1983 claim is to identify the specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271.

The fourth claim is captioned as one arising under the Fourteenth Amendment. (Compl. 35:14.) It lacks any further precision, and should be dismissed on this basis alone. The Fourteenth Amendment, while most familiar for its Equal

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1   Protection and Due Process Clauses, is also a creature of its time—the

2   reconstruction era—and concerns topics of such likely irrelevance as Civil War

3   debt. *E.g.*, U.S. Const. amend. XIV, § 4.

4       Plaintiffs do make passing mention, with respect to Defendant Melissa

5   Ramirez and (non-moving) Defendant Bueno alone, that it should have been

6   apparent that "deliberate falsification of evidence in a child abuse investigation

7   violated Plaintiff[] B.A.'s constitutional rights resulting in deprivation[s] of

8   Plaintiff's Fourth Amendment rights against unreasonable seizure and B.A.'s,

9   Karla's, and Alfredo's Fourteenth Amendment rights not be separated without due

10   process of law except in emergencies." (Compl. ¶ 169 (first citing *Mabe v. San*

11   *Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001);

12   then citing *Stanley v. Illinois*, 405 U.S. 645 (1972)).) This is nothing more than a

13   recitation of the familiar maxim that children cannot be seized without a warrant

14   except in exigent circumstances—but Plaintiffs plead no warrantless detention.

15       Given that the legal basis of this claim cannot be divined from the complaint,

16   it fails to give Defendants fair notice of the nature of the claim, as required by Rule

17   8—and is subject to dismissal under Rule 12(b)(6). *Twombly*, 550 U.S. at 555.

18       ***2. The claim is additionally inadequate as to the entity defendants.***

19       With respect to Defendant DCFS, as discussed in Part IV.A.3, *supra*, a

20   municipal department is not a "person" for purposes of § 1983 and DCFS should be

21   dismissed from this claim without leave to amend.

22       With respect to Defendant County, Plaintiff must allege sufficient facts in

23   support of some municipal policy, custom, practice, or other indicia that satisfy

24   *Monell*.  "A government entity may not be held liable under 42 U.S.C. § 1983,

25   unless a policy, practice, or custom of the entity can be shown to be a moving force

26   behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d

27   892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694).

28       The only attempts at specific allegations of policy concern Defendants Mejia,

1    Morales, and Luna. (Compl. ¶ 194.) Plaintiffs allege that it "should have been
2    apparent that deliberate falsification of the jurisdiction/disposition report violated
3    Plaintiffs' Fourteenth Amendment rights driven by Defendant County's and
4    Defendant DCFS'[] aforesaid long standing official policies." (Id.) To the extent
5    that this allegation purports to support a *Monell* claim embedded in the fourth claim,
6    it fails. It is not even a complete sentence—much less an affirmative allegation that
7    any defendant's actions were taken according to a well-pleaded policy.

8    **C. The Fifth Claim for Relief: Due Process (Unspecified)**

9        The legal basis of the fifth claim for relief is not clear. It is captioned as a due
10   process claim, suggesting it arises under the Fourteenth Amendment. (Compl. 42:2.)
11   However, it makes passing reference to rights of family privacy found in the First
12   Amendment. (Compl. ¶ 199.)

13       With respect to due process, the claim fails to differentiate whether it is
14   procedural or substantive in nature, which is critical to the Defendants because the
15   legal tests for procedural and substantive due process claims are distinct. *See*, *e.g.*,
16   *Mathews v. Eldridge*, 424 U.S. 319 (1976) (procedural); *Cty. of Sacramento v.
17   Lewis*, 523 U.S. 833 (1998) (substantive). "[P]rocedural due process claims are
18   resolved by balancing tests," where the constitutionally-protected interest at issue
19   "can give rise to many differing procedural requirements" as the particular situation
20   demands. *Brittain v. Hansen*, 451 F.3d 982, 1000 (9th Cir. 2006) (collecting cases).
21   Substantive due process claims are not resolved by balancing tests: the
22   constitutionally-protected interests at issue "either do or do not give rise to a claim."
23   *Id.* (citation omitted). Official acts infringing substantive due process interests are
24   prohibited regardless of the fairness of the procedures. *Wood v. Ostrander*, 879 F.2d
25   583, 589 (9th Cir. 1989) (citation omitted).

26       If Defendants are to know how to defend against the fifth claim for relief—
27   *i.e.*, whether against a flexible procedural standard of liability or a binary
28   substantive one—Plaintiffs must state whether their due process claim is procedural

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

27

or substantive in nature (or both).

## D. Sixth Claim for Relief: *Monell*-Related Claims

To prevail on a § 1983 *Monell* claim, plaintiffs must show: (1) that they suffered a constitutional violation, and (2) that a municipal policy caused the violation. *Monell*, 436 U.S. at 692; *Lowry v. City of San Diego*, 858 F.3d 1248, 1255 (9th Cir. 2017), *cert. denied sub nom. Lowry v. City of San Diego, Cal.*, 138 S. Ct. 1283 (2018); *Powe v. City of Chicago*, 664 F.2d 639, 643 (7th Cir. 1981); *Hardrick v. City of Detroit, Michigan*, 876 F.3d 238 (6th Cir. 2017). With respect to the first element, Plaintiffs identify generic "violations of Plaintiffs' constitutional rights, including those under the Fourth and Fourteenth Amendments." (Compl. ¶ 207.) With regard to the second element, Plaintiffs bring a *Monell* claim against Defendants DCFS and County on the basis of four specific policies. As noted above, Defendant DCFS is not a proper defendant to this claim as it is not a "person" for purposes of § 1983. That this claim is captioned as a *Monell* claim is inconsequential. Plaintiffs offer the following policies:

> a. the policy of detaining and/or removing well cared for children from parental custody based on falsified declarations and falsified SDM Assessments in violation of MPP 31-001, 31-135, and Penal Code section 118;

> b. the policy of removing and detaining well cared for children from their parents and not returning them beyond a reasonable period after the basis for detention is negated;

> c. the policy of using perjury, trickery, duress, fabrication, and false evidence manufactured by Defendant DCFS social workers causing an interference with and harming Plaintiffs' rights, including those to familial relations; and

> d. by acting with deliberate indifference to implementing a policy of inadequate training, or by failing to train its officers, agents, employees, and state actors, in providing the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments when performing actions related to child abuse and dependency proceedings.

(Compl. ¶ 207.)

### 1. *Plaintiffs have failed to allege a constitutional violation with the requisite level of specificity.*

Plaintiffs have not even attempted to set forth any constitutional violations

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

28

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

that could serve as the basis for their *Monell* claims. The Fourth Amendment concerns searches and seizures. While Plaintiffs are probably referring to a seizure in the sixth claim for relief, rather than a search, there are four seizures in the Complaint—by different defendants on different facts. (Compl. ¶¶ 76, 90, 123, 124.) The Fourteenth Amendment, as noted in Part IV.B.1, *supra*, concerns a wide swath of conduct as well. As *Twombly* and *Iqbal* make clear, Defendants should not have to speculate as to the legal basis for the alleged constitutional injuries that animate Plaintiffs' *Monell* claims.

### 2. Failure to allege any underlying constitutional violations warrants dismissal of the Monell claims.

A valid *Monell* claim requires "a showing that the individual's constitutional violation 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers.'" *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1986) (alteration in *Palmerin*) (quoting *Monell*, 436 U.S. at 690). Absent any constitutional violations by an individual defendant, there can be no *Monell* liability. *Id.* at 1414–15 (citing *Sanchez v. City of Riverside*, 596 F. Supp. 193, 195 (C.D. Cal. 1984)). "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (emphasis in original). Given that Plaintiffs have failed to allege any constitutional injuries beyond the speculative level, their *Monell* claim must also fail.

### 3. Plaintiffs have failed to sufficiently allege that any municipal policies exist, much less that any policies caused any constitutional violations.

"[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 137–38 (1988)

29

N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx

(internal quotation marks and citation omitted). This touchstone is "designed to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* at 138 (emphasis in original) (internal quotations marks and citation omitted).

As a global matter, Plaintiffs have failed to allege sufficient facts to permit an inference that any of the alleged policies actually exist. A "policy" is one that reflects a deliberate and conscious choice by the municipality, "made from among various alternatives." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1986)); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). Without such policies, Plaintiffs' attempt to hold the County liable devolves into nothing more than *respondeat superior*, which *Monell* forbids.

Moreover, *Monell* requires "an affirmative link between the policy and the particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471 U.S. at 821. All four policies fail in this regard.

With regard to the first policy, as discussed in Part IV.A, there are insufficient facts in the complaint to permit an inference that Plaintiff B.A. was even removed on the basis of any *falsified declarations* or that any defendant to this action falsified any *SDM assessments*. While the Complaint alleges generally that "Defendant social workers falsified the SDM Safety Assessments," these allegations are not tethered to any specific defendant—so there can be no "affirmative link" to a corresponding policy. The remaining three policies are even less tethered to the facts alleged. At base, Plaintiffs have alleged a series of drafting errors in reports that mis-represent a date or an address. Plaintiffs do not even purport that such errors resulted, for example, from "trickery"—much less a *policy of trickery*.

**E. Second Claim for Relief: IIED**

Plaintiffs' IIED claim is barred by the California Government Claims Act,

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

30

N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx

alternatively called the California Tort Claims Act (CTCA). Plaintiffs fail to state an IIED claim against the County, specifically, for failure to identify a liability-creating statute. The CTCA holds that, "in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable." *Towery v. State*, 14 Cal. App. 5th 226, 232 (2017) (citing *Cochran v. Herzog Engraving Co.*, 155 Cal. App. 3d 405, 409 (1984)); Cal. Gov. Code §§ 815(a), 900.4 (the County is a "public entity"). Thus, to recover against a public entity, Plaintiffs must "identify a specific statute declaring [the entity] to be liable, or at least creating some specific duty of care by the agency in favor of the injured party." *de Villers v. Cty. of San Diego*, 156 Cal. App. 4th 238, 247 (2007). Plaintiffs cite no statute that provides liability for their IIED claim—despite their citation to myriad sections of the CDSS manual and Penal Code, which are copied and pasted from the negligence per se claim (which Defendants do not challenge). Plaintiffs therefore have failed to state plausible claims for relief against the County for IIED.

With respect to the individual defendants, under Government Code section 821.6, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. The Court of Appeal has expressly found that this immunity applies to IIED claims. *E.g.*, *Amylou R. v. Cty. of Riverside*, 28 Cal. App. 4th 1205, 1209 (1994) (IIED). Under California Government Code section 820.2, "a public employee cannot be held liable for any injury resulting from 'his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused.'" *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000). It applies to "county social workers engaged in investigating allegations of child abuse" and provides "complete protection for the decision to investigate, to make an 'in-person response,' and for actions necessary to make a meaningful investigation." *Id.* at 1144–45. Government Code section 820.8 provides

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

31

that "a public employee is not liable for an injury caused by the act or omission of another person." Government Code section 815.2(b) provides that "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

As the Court of Appeal in *Jenkins* noted, "[w]eighing and presenting evidence are prosecutorial functions." 212 Cal. App. 3d at 284. The plaintiffs in *Jenkins* alleged, as the Plaintiffs allege here, that social workers "refused and failed to consider all of the evidence and thereby misrepresented information to the juvenile court." *Id.* at 283. The Court of Appeal held that such "allegations are immune from liability." *Id.* (citing Cal. Gov. Code § 821.6). While Plaintiffs nominally attempt to circumvent these immunities by invoking Government Code section 820.21 (Compl. ¶ 155), they have failed to support such a claim with any actual facts supporting an inference of malice.

The facts of *Alicia T.* are similarly instructive. There, plaintiffs alleged that there was "no credible evidence upon which to justify removal of Alicia from the custody of her parents." 222 Cal. App. 3d at 875–76. Like Plaintiffs here, the *Alicia T.* plaintiffs "conclude[d] the County unlawfully removed Alicia from the custody of her parents and acted on 'incorrect, unsubstantiated, and insufficient information and therefore lacked probable cause.'" *Id.* at 876. The Court of Appeal held that the social workers were entitled to absolute immunity under Government Code sections 820.2 and 821.6—and that "the County is similarly immune" under section 815.2(b). *Id.* at 88 (citations omitted);

Accordingly, the individual defendants are immune from Plaintiffs' IIED claim here under sections 821.6 and 820.2, and their immunity also serves to immunize the County under section 815.2(b).

## V. <u>CONCLUSION</u>

For the reasons discussed above, Defendants request the motion be granted.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

32

DATED:  April 17, 2019

PETERSON · BRADFORD · BURKWITZ
By:  */s/ Ryan Graham*

Avi Burkwitz, Esq.
Ryan A. Graham, Esq.
*Attorneys for Defendants*
COUNTY OF LOS ANGELES, *et al.*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

33

*N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

1.      On April 17, 2019, I served the foregoing document described as "**DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**" on the parties described in the attached service list in the following manner:

☒      **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

2.      Additionally, on April 18, 2019, I will serve the foregoing document described as **"DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT"** on the following party by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows, in the manner further specified:

**Alfredo Aranda**
**5932 King Avenue**
**Maywood, CA 90270**

☒      **BY OVERNIGHT EXPRESS:** I am "readily familiar" with the firm's practice of collection and processing correspondence by Overnight Express mailing.  Under that practice it was deposited with the Overnight Express service on that same day with proper postage thereon fully prepaid at Burbank, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 17, 2019, at Burbank, California.

/s/ Ryan A. Graham, Esq.

Ryan A. Graham, Esq.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx

## SERVICE LIST

**RE:    Karla Garcia Aranda, et al. v. County of Los Angeles, et al.**

**Case No.:**        2:19-cv-01770-RGK-RAO

L. Wallace Pate
**Law Offices of L. Wallace Pate**
9903 Santa Monica Blvd
Suite 3100
Beverly Hills, CA 90212

T: (310) 895-8570

**Attorneys for Plaintiffs
Karla Garcia Aranda et al**

John P. McNicholas
**McNicholas & McNicholas, LLP**
10866 Wilshire Blvd
Suite 1400
Los Angeles, CA 90024

T: (310) 474-1582
F: (310) 475-7871

**Attorneys for Plaintiffs
Karla Garcia Aranda et al**

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT**
Case No. 2:19-CV-1770-RGK-RAO

*N:\files\2202-Aranda (COLA)\Pleadings\MTD\MTD_MPA_final.docx*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800