Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Ryan A. Graham, Esq., Bar No.: 310186
rgraham@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
Tel ....818.562.5800
Fax....818.562.5810

*Attorneys for Defendants,*
County of Los Angeles (named additionally as "Los Angeles Department of Children and Family Services"), Gladys Escobedo, Ruben Jimenez, Sandra Jimenez, Ilana Lara, Antonia Lopez, Laura Luna, Gloria Mejia, Stephanie Morales, Melissa Ramirez, Alexandra Ronces, Erica Salas, and Rachel Simons

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA GARCIA ARANDA, an individual; ALFRED ARANDA, an individual; and Minor Plaintiff B.A., by and through his Guardian ad Litem, Karla Garcia Aranda,<br><br>      Plaintiffs,<br><br>      v.<br><br>COUNTY OF LOS ANGELES, a public entity, LOS ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES, a subdivision of the County of Los Angeles; RUBEN JIMENEZ, an individual; MELISSA RAMIREZ, an individual; LYDIA BUENO, an individual; ALEXANDRA RONCES, an individual; GLADYS ESCOBEDO, an individual; EVITA SALAS, an individual; ANTONIA LOPEZ, an individual; RACHEL SIMONS, an individual; GLORIA MEJIA, and individual; STEPHANIE MORALES. an individual; LAURA LUNA, an individual; SANDRA JIMENEZ, an individual; OFFICER PACHECO, an individual; OFFICER ESPINOZA, an individual, and DOES 1-50,<br><br>      Defendants. | Case No. 2:19-CV-1770-RGK-RAO<br><br>Hon. R. Gary Klausner (Dist. Judge)<br>Hon. Rozella A. Oliver (Mag. Judge)<br><br>**DEFENDANTS' NOTICE OF RULE 12(b)(6) MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Date:        July 1, 2019<br>Time:        9:00 a.m.<br>Courtroom:  850, 8th Floor<br><br><br><br>Complaint Filed: August 15, 2018 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 1, 2019, at 9:00 a.m., before the Hon. R. Gary Klausner, at the Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 850, 8th Floor, Defendants County of Los Angeles (inclusive of the "Los Angeles Department of Children and Family Services," erroneously named as a distinct entity), Gladys Escobedo, Ruben Jimenez, Sandra Jimenez, Ilana Lara, Antonia Lopez, Laura Luna, Gloria Mejia, Stephanie Morales, Melissa Ramirez, Alexandra Ronces, Evita Salas, and Rachel Simons ("Defendants") will move the Court for an order dismissing the first, second, third, fourth, fifth, eight, ninth, and tenth claims in Plaintiffs' First Amended Complaint for Damages (FAC) pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion will be made and based on the following grounds:

1. Plaintiffs' first claim for relief, entitled "42 U.S.C. § 1983 – Fourth Amendment," fails to state a claim upon which relief can be granted;

2. Plaintiffs' second claim for relief, entitled "violation of civil rights 42 U.S.C. §§ 1983, 1988 Conspiracy," fails to state a claim upon which relief can be granted;

3. Plaintiffs' third claim for relief, entitled "violation of civil rights 42 U.S.C. § 1983, Municipal Liability (*Monell*)," fails to state a claim upon which relief can be granted;

4. Plaintiffs' fourth claim for relief, entitled "violation of civil rights 42 U.S.C. § 1983 First Amendment," fails to state a claim upon which relief can be granted;

5. Plaintiffs' fifth claim for relief, entitled, "violation of civil rights 42 U.S.C. § 1983 Fourteenth Amendment," fails to state a claim upon which relief can be granted;

6. Plaintiffs' eighth claim for relief, entitled "intentional infliction of

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

emotional distress," fails to state a claim upon which relief can be granted,

7.  Plaintiffs' ninth claim for relief, entitled "violation of mandatory duty," fails to state a claim upon which relief can be granted, and

8.  Plaintiffs' tenth claim for relief, entitled "Bane Act," fails to state a claim upon which relief can be granted.

This Motion is made and based upon the FAC, the Court file, the Memorandum Points and Authorities submitted herewith, the hearing on this matter, and any matters upon which the Court may take judicial notice.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which occurred on March 14, 2019 via email between counsel for Defendants and counsel for Plaintiffs, L. Wallace Pate (in connection with the original complaint, which is nearly identical to the FAC, with exception of minor cosmetic distinctions) and again on May 16, 2019 between counsel for Defendants and counsel for Plaintiffs, Olu Orange. Defendants note that, while the previously-file motion to dismiss has not been formally denied as moot, Defendants' counsel has been informed by chambers that it was so mooted by the filing of the FAC, and that a responsive pleading is due this date.

///
///
///
///
///
///
///
///
///
///
///

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

3

DATED: May 29, 2019          PETERSON · BRADFORD · BURKWITZ


By:      /s/ Ryan A. Graham, Esq.
         Avi Burkwitz, Esq.
         Ryan A. Graham, Esq.
         *Attorneys for Defendants,*
         COUNTY OF LOS ANGELES,
         GLADYS ESCOBEDO,
         RUBEN JIMENEZ,
         SANDRA JIMENEZ,
         ILANA LARA,
         ANTONIA LOPEZ,
         LAURA LUNA,
         GLORIA MEJIA,
         STEPHANIE MORALES,
         MELISSA RAMIREZ,
         ALEXANDRA RONCES,
         EVITA SALAS, AND
         RACHEL SIMONS.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# **TABLE OF CONTENTS**

**I.**    **INTRODUCTION** .......................................................................**13**

**II.**   **LEGAL STANDARD** .................................................................**13**

**III.**  **STATEMENT OF FACTS** .........................................................**14**

    A.    Initial LASD and DCFS involvement....................................14

    B.    The first removal; placement with Martha Urbina; and actions of
Defendants Melissa Ramirez, Ronces, and Lara .................15

    C.    Domestic violence investigations and actions of Defendants Escobedo,
Ruben Jimenez, Rachel Simons .........................................16

    D.    Subsequent removal; Defendants Salas, Lopez, Mejia, Morales, and
Luna......................................................................................17

**IV.**  **ARGUMENT** ...........................................................................**18**

    A.    First Claim for Relief: 42 U.S.C. § 1983 .............................19

        *1.    The allegations against Defendant Melissa Ramirez fail to state
a plausible claim of judicial deception under the Fourth
Amendment*..................................................................20

        *2.    For the remaining individual defendants, there are insufficient
allegations of personal participation to state a claim for relief
under § 1983.* ..............................................................22

        *3.    Plaintiffs cannot state a claim against Defendant DCFS because
it is not a "person" for purposes of § 1983*.................22

4. There are insufficient allegations of policy to render Defendant County a "person" for purposes of § 1983. ............................... 23

B. Second Claim for Relief: Conspiracy, 42 U.S.C. § 1983 ..................... 25

C. Third and Fourth Claims for Relief: *Monell*-Related Claims; 42 U.S.C. § 1983, First Amendment ....................................................... 25

1. Failure to allege any underlying constitutional violations warrants dismissal of the Monell claims. ................................ 26

2. Plaintiffs have failed to sufficiently allege that any municipal policies exist, much less that any policies caused any constitutional violations............................................................. 27

D. Fifth Claim for Relief: Fourteenth Amendment, 42 U.S.C. § 1983 ..... 28

1. The claim is procedurally speculative. ...................................... 28

2. The claim is additionally inadequate as to the entity defendants. ................................................................................... 29

E. Eighth, Ninth, and Tenth Claims for Relief: State Claims .................. 30

**V.   CONCLUSION .......................................................................... 31**

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FAC**
Case No. 2:19-CV-1770-RGK-RAO

N:\files\2202-Aranda (COLA)\Pleadings\MTD_FAC\MTD_FAC_2019_05_29.docx

# TABLE OF AUTHORITIES

## Cases (U.S. Supreme Court)

*Albright v. Oliver*,

    510 U.S. 266 (1994)...............................................................................19, 29

*Ashcroft v. Iqbal*,

    556 U.S. 662 (2009)...............................................................................15, 23

*Baker v. McCollan*,

    443 U.S. 137 (1979)......................................................................................19

*Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*,

    520 U.S. 397 (1997)......................................................................................24

*Bell Atl. Corp. v. Twombly*,

    550 U.S. 544 (2007)........................................................................14, 15, 30

*City of Canton, Ohio v. Harris*,

    489 U.S. 378 (1989)......................................................................................28

*City of Los Angeles v. Heller*,

    475 U.S. 796 (1986)......................................................................................28

*City of Oklahoma City v. Tuttle*,

    471 U.S. 808 (1985)......................................................................................29

*City of St. Louis v. Praprotnik*,

    485 U.S. 112 (1988)................................................................................24, 28

*Franks v. Delaware*,

    438 U.S. 154 (1978)................................................................................20, 21

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

7

*Monell v. Dep't of Soc. Servs. of City of New York*,

   436 U.S. 658 (1978).................................................................19, 24, 27, 28

*Papasan v. Allain*,

   478 U.S. 265 (1986)......................................................................................15

*Pembaur v. City of Cincinnati*,

   475 U.S. 469 (1986)......................................................................................29

## <u>Cases (Circuit Courts of Appeals)</u>

*Bautista v. Los Angeles Cty.*,

   216 F.3d 837 (9th Cir. 2000) .......................................................................14

*Buckey v. Cty. of Los Angeles*,

   968 F.2d 791, 794 (9th Cir. 1992) ...............................................................14

*Burns v. Cty. of King*,

   883 F.2d 819 (9th Cir. 1989) .......................................................................26

*Butler v. Elle*,

   281 F.3d 1014 (9th Cir. 2002) ...............................................................20, 21

*Dougherty v. City of Covina*,

   654 F.3d 892 (9th Cir. 2011) .......................................................................30

*Ewing v. City of Stockton*,

   588 F.3d 1218 (9th Cir. 2009) .....................................................................21

*Galbraith v. Cty. of Santa Clara*,

   307 F.3d 1119 (9th Cir. 2002) .....................................................................21

*Hardrick v. City of Detroit, Michigan*,

   876 F.3d 238 (6th Cir. 2017) .......................................................................27

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

N:\files\2202-Aranda (COLA)\Pleadings\MTD_FAC\MTD_FAC_2019_05_29.docx

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*Hardwick v. Cty. of Orange*,

    844 F.3d 1112 (9th Cir. 2017) ................................................................ 25

*Kirkpatrick v. Cty. of Washoe*,

    843 F.3d 784 (9th Cir. 2016) .................................................................. 20

*KRL v. Moore*,

    384 F.3d 1105 (9th Cir. 2004) ................................................................ 21

*Lacey v. Maricopa Cty.*,

    693 F.3d 896 (9th Cir. 2012) .................................................................. 26

*Leer v. Murphy*,

    844 F.2d 628 (9th Cir. 1988) .................................................................. 21

*Lombardi v. City of El Cajon*,

    117 F.3d 1117 (9th Cir. 1997) ................................................................ 21

*Lowry v. City of San Diego*,

    858 F.3d 1248 (9th Cir. 2017),

    *cert. denied sub nom.Lowry v. City of San Diego, Cal.*, 138 S. Ct. 1283 (2018)........... 27

*Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*,

    237 F.3d 1101 (9th Cir. 2001) ................................................................ 20

*Moore v. Cty. of Butte*,

    547 F. App'x 826 (9th Cir. 2013).............................................................. 24

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001).................................................. 15

*Original Ballet Russe v. Ballet Theatre*,

    133 F.2d 187 (2d Cir. 1943) .................................................................... 14

*OSU Student All. v. Ray*,

9

N:\files\2202-Aranda (COLA)\Pleadings\MTD_FAC\MTD_FAC_2019_05_29.docx

699 F.3d 1053 (9th Cir. 2012) ........................................................................ 19

*Palmerin v. City of Riverside,*

794 F.2d 1409 (9th Cir. 1986) ........................................................................ 28

*Powe v. City of Chicago,*

664 F.2d 639 (7th Cir. 1981) .......................................................................... 27

*Rogers v. Cty. of San Joaquin,*

487 F.3d 1288 (9th Cir. 2007) ........................................................................ 20

*Taylor v. Yee,*

780 F.3d 928 (9th Cir. 2015) .......................................................................... 15

*United States v. Kama,*

394 F.3d 1236 (9th Cir. 2005) ........................................................................ 23

*United States v. Smith,*

588 F.2d 737 (9th Cir. 1978) .......................................................................... 21

*Wallis v. Spencer,*

202 F.3d 1126 (9th Cir. 2000) ........................................................................ 31

## <u>Cases (U.S. District Courts)</u>

*Brown v. Alexander,*

No. 13-01451 SC, 2013 WL 6578774 (N.D. Cal. Dec. 13, 2013) ................... 20

*Cassette v. King Cty.,*

625 F. Supp. 2d 1084 (W.D. Wash. 2008), *aff'd,* 338 F. App'x 585 (9th Cir. 2009) ...... 20

*Felarca v. Birgeneau,*

No. 11-CV-05719 YGR, 2013 WL 663921 (N.D. Cal. Feb. 22, 2013) .......................... 19

*Garcia v. City of Merced,*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

10

637 F. Supp. 2d 731 (E.D. Cal. 2008) ................................................................... 24

*McFarland v. City of Clovis*,

163 F. Supp. 3d 798 (E.D. Cal. 2016) .................................................................. 24

*Morris v. State Bar of California*,

No. CV F 09-0026-LJO-GSA, 2010 WL 966423 (E.D. Cal. Mar. 11, 2010) ................ 23

*Nelson v. Cty. of Sacramento*,

926 F. Supp. 2d 1159 (E.D. Cal. 2013) ............................................................... 24

*Olvera v. Cty. of Sacramento*,

932 F. Supp. 2d 1123 (E.D. Cal. 2013) ............................................................... 25

*Rabinovitz v. City of Los Angeles*,

287 F. Supp. 3d 933 (C.D. Cal. 2018) ................................................................. 24

*Sanchez v. City of Riverside*,

596 F. Supp. 193 (C.D. Cal. 1984) ...................................................................... 28

*Vance v. Cty. of Santa Clara*,

928 F. Supp. 993 (N.D. Cal. 1996) ...................................................................... 24

## <u>Cases (State Appellate)</u>

*Alicia T. v. Cty. of Los Angeles*,

222 Cal. App. 3d 869 (1990) ......................................................................... 24, 31

*Amylou R. v. Cty. of Riverside*,

28 Cal. App. 4th 1205 (1994) ............................................................................. 30

*Coleman v. Cty. of Fresno*,

No. F042414, 2003 WL 22455402 (Cal. Ct. App. Oct. 28, 2003) ................................ 24

*Jacqueline T. v. Alameda Cty. Child Protective Servs.*,

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

11

*N:\files\2202-Aranda (COLA)\Pleadings\MTD_FAC\MTD_FAC_2019_05_29.docx*

155 Cal. App. 4th 456 (2007) ........................................................................ 24

*James W. v. Superior Court of San Diego County* (*Goodfriend*),

    17 Cal. App. 4th 246 (1993) ..................................................................... 24

*Jenkins v. Cty. of Orange*,

    212 Cal. App. 3d 278 (1989) ............................................................. 24, 30

*Towery v. State*,

    14 Cal. App. 5th 226 (2017) ..................................................................... 30

## Constitutional Provisions (U.S.)

U.S. Const. amend. XIV, § 4 .......................................................................... 28

## Statutes (State)

California Government Code § 815.2(b) ......................................................... 31

California Government Code § 820.21 ..................................................... 23, 31

California Government Code § 821.6 ....................................................... 30, 31

Government Code § 820.2 ......................................................................... 30, 31

## Federal Rules

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 14

Federal Rule of Civil Procedure 8 ................................................................. 13

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FAC**
Case No. 2:19-CV-1770-RGK-RAO

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs B.A., Karla Aranda and Alfredo Aranda (Plaintiffs "Karla" and "Alfredo")[1] bring a civil rights action that—with respect to their claims under 42 U.S.C. § 1983—"aims in the general direction of the federal Constitution with buckshot." *Buckey v. Cty. of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). While the FAC describes the admitted misfortune of Plaintiff B.A. and his parents, and identifies those who they believe are the cause—the Department of Children and Family Services ("DCFS"), the County of Los Angeles (the "County"), and a litany of social workers—Plaintiffs in no way adequately plead injuries cognizable under 42 U.S.C. § 1983 ("§ 1983") or the several state claims subject of this motion. The FAC must be dismissed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, a plaintiff must plead a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles Cty.*, 216 F. 3d 837, 840 (9th Cir. 2000) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943)). "To comply with Rule 8[,] each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." *Bautista*, 216 F.3d at 840. Factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555–56. Rule 8

---

[1] Defendants use Plaintiffs' first names to differentiate between the two, as they have the same surnames, and mean no disrespect. Defendants note that, while Plaintiff Karla had been dismissed for purposes of proceeding as Plaintiff B.A.'s *guardian ad litem*, she seems to have re-alleged some claims in the FAC.

1    "demands more than an unadorned, the-defendant-unlawfully-harmed-me

2    accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S.

3    at 555). A complaint that simply offers "labels and conclusions," "a formulaic

4    recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of

5    'further factual enhancement'" will not do. *Iqbal*, 556 U.S. at 678 (first quoting

6    *Papasan v. Allain*, 478 U.S. 265, 286 (1986), then quoting *Twombly*, 550 U.S. at

7    555, 557).

8        Under Rule 12(b)(6), a party may move to dismiss a claim for relief for its

9    failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

10   Dismissal can be based on the lack of a cognizable legal theory or the absence of

11   sufficient facts alleged under a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928,

12   935 (9th Cir. 2015) (citing *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

13       In evaluating a complaint against a motion to dismiss, "[t]hreadbare recitals

14   of the elements of a cause of action, supported by mere conclusory statements, do

15   not suffice." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Motions to dismiss

16   test complaints against a plausibility standard: *i.e.*, whether the complaint contains

17   sufficient factual matter, taken as true, to state a claim for relief that is plausible on

18   its face. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has

19   facial plausibility when the plaintiff pleads factual content that allows the court to

20   draw the reasonable inference that the defendant is liable for the misconduct

21   alleged." 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

22       **III.    STATEMENT OF FACTS**

23   **A. Initial LASD and DCFS involvement**

24       Plaintiff B.A. is the child of Plaintiffs Karla and Alfredo. (FAC ¶ 75[2].) In

25   2013, the three of them lived together as a family unit. (*Id.*) In October 2013,

26   Plaintiff Alfredo made a complaint to the LASD headquarters about two deputies—

27   _____

28   [2] The remaining paragraph citations indicated with a pilcrow (¶) in Part II are to the FAC, ECF No. 1-2.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

Defendants Pacheco and Espinoza. (¶ 76.) On December 28, 2013, Defendants Pacheco and Espinoza (who remain un-served) reported a domestic violence incident involving Plaintiffs Alfredo and Karla to the DCFS child protection hotline, although there was no actual domestic violence. (¶ 77.) On December 31, 2013, Plaintiff Alfredo moved out of the family home and into his parents' home. (¶ 79.)

In May 2014, the deputies falsified a second incident of domestic violence. (¶ 83.) On May 5, 2014, unspecified children's social workers (CSWs) from DCFS removed Plaintiff B.A. from Plaintiff Karla's custody. (¶ 84.) On May 8, 2014, a CSW filed a dependency petition under Welfare & Institutions Code § 300 and an accompanying detention report that were "perjured." (¶ 85.) The FAC does not explain how these documents were perjured, but does allege that Defendants Pacheco and Espinoza testified falsely at the hearing on the petition. (*Id.*)

The juvenile court sustained the allegations in the petition, but released Plaintiff B.A. back to Plaintiff Karla based on the following conditions: (1) that she divorce Plaintiff Alfredo; (2) that she comply with an LASD restraining order forbidding Plaintiff Alfredo from being around her; (3) that she complete court-ordered programs; and (4) that she maintain monitored visits between Plaintiffs B.A. and Alfredo for several hours per week. (¶ 87.)

On June 2, 2015, two non-party CSWs filed a report with the juvenile court recommending that juvenile court jurisdiction be terminated and that full custody of Plaintiff B.A. be given to Plaintiff Karla. (¶ 89.)

**B. The first removal; placement with Martha Urbina; and actions of Defendants Melissa Ramirez, Ronces, and Lara**

On June 3, 2015, Huntington Park police officers "conducted a drug raid on Karla's house in Karla's absence." (¶ 94.) On June 4, 2015, information related to the drug raid was passed on to DCFS. (¶ 95.) On June 5, 2015 Defendant Melissa Ramirez was assigned to investigate the situation. (¶ 96.) On June 15, 2015, she filed a request for removal, in which she swore there was probable cause to remove

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

15

1    Plaintiff B.A. from his home on the belief that continued residence with his parents

2    was contrary to his welfare. (¶ 97.) Plaintiffs allege the there was no such probable

3    cause. (*Id.*)

4          On June 18, 2015, Defendants Melissa Ramirez and Lydia Bueno (not served)

5    seized Plaintiff B.A. from Plaintiff Karla's custody based on the June 3 police report

6    stating that drugs were found in Plaintiff Karla's bathroom and that Plaintiff Alfredo

7    lived in the home. (¶ 98.) Plaintiff B.A. was placed in the home of non-party Martha

8    Urbina. (¶ 104.) Urbina was not licensed or certified to provide foster care. (¶ 99.)

9          On June 19, 2015, Defendant Illana Lara falsified information in a contact log

10   about Urbina's address. (¶¶ 99, 100.) The FAC seems to suggest that Defendant

11   Lara was the one who placed Plaintiff B.A. with Urbina "on or about 6-29-15." (¶

12   105.) There are no other allegations concerning Defendant Lara.

13         On June 23, 2015, Defendants Melissa Ramirez and Bueno filed a detention

14   report that was "perjured" because it falsely claimed that Plaintiff Karla failed to

15   protect Plaintiff B.A. from Plaintiff Alfredo's drug use in the family's home. (¶

16   102.) The same day, Defendant Alexandra Ronces filed a juvenile dependency

17   petition that contradicted the detention report filed by Defendants Melissa Ramirez

18   and Bueno. (¶ 102.)

19         At various times during the placement of Plaintiff B.A. with Urbina, Urbina

20   asked Plaintiff Karla for $200 in exchange for an agreement that she (Urbina) would

21   not steal Plaintiff B.A.'s identification. (¶ 104.) Karla agreed. (¶ 104.)

22   **C. Domestic violence investigations and actions of**

23       **Defendants Escobedo, Ruben Jimenez, Rachel Simons**

24         On July 17, 2015, a non-party social worker investigated allegations that

25   domestic violence was occurring in Urbina's home and found that "domestic

26   violence exists in the home and poses a risk of serious physical and emotional harm

27   to children." (¶ 106.) The same day, Defendant Gladys Escobedo became the

28   assigned social worker for Plaintiff B.A., replacing Defendant Lara. (¶ 108.) On July

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

16

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

21, 2015, Urbina told Defendant Escobedo she was no longer able to care for Plaintiff B.A. (¶ 109.)

On July 31, 2015, Defendant Escobedo falsified the address of a face-to-face contact with Plaintiff B.A. and Josefina Renford—a family friend with whom B.A. would later be placed—and forged the signature of Rendon on a Relative Caregiver Agreement. (¶¶ 113, 114.) On August 5 and 19, 2015, Defendant Escobedo falsified more delivered service logs. (¶¶ 115, 118.) On August 14, 2015, Defendant Ruben Jimenez falsified a delivered service log as well. (¶ 116.)

On August 20, 2015, Defendants Ruben Jimenez and Rachel Simons filed a jurisdiction/disposition report that falsely stated B.A. was placed with Rendon, when B.A. was actually still living with Urbina. (¶ 119.)

On August 20, 2015, Defendants Ruben Jimenez and Rachel Simons filed a jurisdiction/disposition report that falsely stated the following: (1) that Defendant Ruben Jimenez meet B.A. and Karla at Rendon's house on August 14; (2) that B.A. had been seen at the San Antonio Family Center medical clinic for therapy services; (3) that B.A. had been re-placed from Urbina's home to Rendon's home on July 21, 2015, when no placement actually happened on that date. (¶¶ 119–127.)

On September 31, 2015, Defendant Escobedo forged Rendon's signature (for a second time) on a "*Foster Parent Needs and Services Summary*." (¶ 130.)

**D. Subsequent removal; Defendants Salas, Lopez, Mejia, Morales, and Luna**

On October 1, 2015, Plaintiff B.A. was re-placed from the home of Urbina to the home of Rendon. (¶ 131.) Plaintiff B.A. was removed from Rendon's care on October 11, 2016 based on allegations that Rendon allowed Plaintiff B.A. to live with Plaintiffs Karla and Alfredo for three months in violation of court orders. (¶ 132.) On October 14, 2016, Defendants Salas and Lopez filed a detention report that was "perjured." (¶ 133.) On October 14, 2016, Defendant Jimenez[3] filed a petition under Welfare and Institutions Code § 387 that falsely claimed that Rendon allowed

---

[3] The FAC does not specify whether this act was committed by *Ruben* Jimenez or *Sandra* Jimenez.

1   Plaintiffs Karla and Alfredo to have unlimited, unmonitored contact with B.A. in
2   violation of court orders. (¶ 137.)

3        On November 30, 2016, Defendants Mejia, Morales, and Luna filed
4   jurisdiction/disposition reports that made several misrepresentations. (¶ 138.)

5        In May 2017, Plaintiff Karla filed a petition under Welfare and Institutions
6   Code § 388 requesting to reunify with Plaintiff B.A. (¶ 140.) On June 15, 2017,
7   Defendant Mejia filed a WIC 366.26 report that mis-stated Plaintiff B.A. was placed
8   with Rendon on July 21, 2015, when in fact he was placed with her on October 1,
9   2015. (¶ 141.) In October 2017, Plaintiff B.A. was released to Plaintiff Karla's care
10  and jurisdiction in the juvenile court was terminated. (¶ 143.)

## IV.   ARGUMENT

12       Plaintiffs bring ten claims for relief—five state claims and five claims under §
13  1983. The federal claims are discussed first.

14       To state a claim under § 1983 action, a plaintiff must plead four elements: (1)
15  conduct by "a person"; (2) acting "under color of state law"; (3) proximately caused
16  (4) the deprivation of a federally protected right. *Monell v. Dep't of Soc. Servs. of*
17  *City of New York*, 436 U.S. 658, 662–663 (1978); *OSU Student All. v. Ray*, 699 F.3d
18  1053, 1061 (9th Cir. 2012); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64
19  (9th Cir. 2005) (internal citations, quotation marks, and alterations omitted); *Felarca*
20  *v. Birgeneau*, No. 11-CV-05719 YGR, 2013 WL 663921, at *4 (N.D. Cal. Feb. 22,
21  2013). "Section 1983 'is not itself a source of substantive rights,' but merely
22  provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v.*
23  *Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144
24  n.3 (1979)). "The first step in any such claim is to identify the specific constitutional
25  right allegedly infringed." *Id.* (citations omitted).

26       As a threshold matter, the federal claims are time-barred as to Plaintiffs Karla
27  and Alfredo. A civil rights claim under § 1983 has a statute of limitations of two
28  years, and the predicate conduct (2015) took place over three years before the

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1   lawsuit was filed in 2018. *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801,

2   812 (N.D. Cal. 2019).

3   **A. First Claim for Relief: 42 U.S.C. § 1983**

4       The first claim for relief alleges that Defendant Melissa Ramirez (and non-

5   moving defendant Bueno) seized Plaintiff B.A. from the custody of his parents

6   "based on substance abuse that Defendants knew was false." FAC ¶ 147. Plaintiffs

7   allege this amounts to an unlawful seizure in violation of the Fourth Amendment.

8   FAC ¶ 149. B.A. further alleges that Defendants Melissa Ramirez and Bueno

9   falsified Structured Decisionmaking Assessments and a detention report in order to

10  maintain custody of Plaintiff B.A. to obtain federal foster care funds. (¶¶ 147, 148.)

11  No specific allegations are made regarding the other defendants. *Id.* at ¶¶ 145-151.

12      "Under the Fourth Amendment, government officials are ordinarily required

13  to obtain prior judicial authorization before removing a child from the custody of

14  her parent." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 790 (9th Cir. 2016). A

15  government official who removes a child from his or her home without prior judicial

16  authorization "must have reasonable cause to believe that the child is likely to

17  experience serious bodily harm in the time that would [otherwise] be required to

18  obtain a warrant." *Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1295 (9th Cir.

19  2007) (citing *Mabe v. San Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d

20  1101, 1108 (9th Cir. 2001)). "If a person knowingly or with reckless disregard for

21  the truth includes material false statements or omits material facts in an affidavit

22  submitted in support of a warrant application, he or she may be liable under Section

23  1983 for a Fourth Amendment violation." *Franks v. Delaware*, 438 U.S. 154, 155–

24  56 (1978); *Butler v. Elle*, 281 F.3d 1014, 1024 (9th Cir. 2002); *Cassette v. King

25  Cty.*, 625 F. Supp. 2d 1084, 1087 (W.D. Wash. 2008), *aff'd*, 338 F. App'x 585 (9th

26  Cir. 2009); *Brown v. Alexander*, No. 13-01451 SC, 2013 WL 6578774, at *7 (N.D.

27  Cal. Dec. 13, 2013). Plaintiff B.A. does not claim that he was detained without a

28  warrant; rather, he seems to bring a claim akin to *Franks* and its progeny.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FAC**
Case No. 2:19-CV-1770-RGK-RAO

*N:\files\2202-Aranda (COLA)\Pleadings\MTD_FAC\MTD_FAC_2019_05_29.docx*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1.   ***The allegations against Defendant Melissa Ramirez fail to state a plausible claim of judicial deception under the Fourth Amendment.***

To support a § 1983 claim of judicial deception/*Franks* claim, a plaintiff must show that the defendant deliberately or recklessly made false statements or omissions that were material to the finding of probable cause. *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004) (citing *Franks*, 438 U.S. at 155–56; *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126 (9th Cir. 2002); *Butler,* 281 F.3d at 1024). The materiality element requires the plaintiff to demonstrate that "the magistrate would not have issued the warrant with false information redacted, or omitted information restored." *Lombardi v. City of El Cajon*,  117 F.3d 1117, 1126 (9th Cir. 1997).  "'Omissions or misstatements resulting from negligence or good faith mistakes will not invalidate an affidavit which on its face establishes probable cause.'" *Ewing v.  City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009) (quoting *United States v. Smith*, 588 F.2d 737, 740 (9th Cir. 1978)). "'Nor may a claim of judicial deception be based on an officer's erroneous assumptions about the evidence he has received.'" *Id.* (quoting *Smith*, 588 F.2d at 739–40).

(a.) According to the FAC, the "officers made a false incident report to DCFS that stated Alfredo was living in the home with Karla and B.A. [and] selling drugs in B.A.'s presence." (FAC ¶ 94.) Defendants note, parenthetically, that this conduct cannot support a § 1983 against Defendant Melissa Ramirez alone. Like any § 1983 claim, Plaintiffs must show causation—and "[t]he inquiry into causation <u>*must be individualized*</u> and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added) (citations omitted). Moreover, any misstatements or omissions based of the officers' conduct would be, at most, rise to the level of negligence or a good faith mistake that *Ewing* teaches does not state a plausible claim.

(b.) Next, Plaintiffs allege that the information from law enforcement was

received by DCFS on June 4, 2016. (FAC ¶ 95.) On June 5, Defendant Melissa Ramirez was allegedly was assigned to investigate. (FAC ¶ 96.) She interviewed Plaintiff Karla, who denied the allegations. (*Id.*) Plaintiffs also contend that Defendant Melissa Ramirez "knew from the Status Review Report filed on 6-2-15 that CSW Arroyo assessed and re-evaluated Bryan two days prior to removal as 'well cared for and actively participating in school' and recommended termination of court supervision with full custody to Karla." (*Id.*) Based on these facts, Plaintiffs allege that Defendant Melissa Ramirez' statement of probable cause in support of the Request for Removal filed on June 15, 2015 was false. (FAC ¶ 97.) While the FAC is not entirely clear, Plaintiffs seem to take issue with the following statement: "[B.A.]'s physical environment poses a threat to his health or safety and there are no reasonable means by which the child can be protected without temporary removal from the physical custody of the parents or guardians." (*Id.*)

The notion that Defendant Melissa Ramirez made false statements by swearing that "continuance in the home of the parents is contrary to B.A.'s welfare" elides the fact that such language is a legal conclusion. Under California Rule of Court No. 5.676(a)(2), no child may be ordered detained unless a court finds that "[c]ontinuance in the home of the parent . . . is contrary to the child's welfare." Confronted with this language, any judge of the juvenile court would understand that an affiant was drawing a conclusion from facts stated elsewhere in the affidavit.

The notion that Defendant Melissa Ramirez made false statements by stating that there were no reasonable means by which B.A. could be protected without being removed also glosses over findings required under California law to order a child be detained. Under California Rule of Court No. 5.678(c)(3), a court cannot order a child detained "unless the court, after inquiry regarding available services, finds that there are no reasonable services that would prevent or eliminate the need to detain the child or that would permit the child to return home." Again, any judge confronting this language would know that he or she were facing a legal conclusion

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California  91502
818.562.5800

21

drawn from other facts.

Consequently, the only facts alleged in support of a judicial deception/*Franks*-style Fourth Amendment claim against Defendant Melissa Ramirez fail to state a claim against her—since none of the FAC's allegations permit an inference that her allegedly misleading statements were material to a finding of probable cause.

### 2. *For the remaining individual defendants, there are insufficient allegations of personal participation to state a claim for relief under § 1983.*

To establish a § 1983 claim against an individual, plaintiffs must establish personal participation by the defendant in the alleged constitutional deprivation. *Iqbal*, 556 U.S. at 676–77. Absent an allegation that the named officials were personally involved, a complaint under § 1983 does not state a claim. *Id.* Here, in addition to Defendant Melissa Ramirez (discussed above), the first claim for relief is also brought against Defendants Ruben Jimenez, Ronces, Escobedo, Salas, Lopez, Simons, Mejia, Morales, Luna, and Sandra Jimenez. There are no allegations against them of judicial deception in any warrant, application for removal, or anything else ostensibly falling within the purview of the Fourth Amendment. They too must be dismissed for failure to state a claim.

### 3. *Plaintiffs cannot state a claim against Defendant DCFS because it is not a "person" for purposes of § 1983.*

Municipal departments or administrative sub-units are not "persons" for purposes of Section 1983. *United States v. Kama*, 394 F.3d 1236, 1239–41 (9th Cir. 2005) (Ferguson, J., concurring specially) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983") (citations omitted); *Morris v. State Bar of California*, No. CV F 09-0026-LJO-GSA, 2010 WL 966423, at *3 (E.D. Cal. Mar. 11, 2010) ("The Fresno Fire Department is a "sub-unit" of the City of Fresno and is not a person under § 1983."); *accord Rabinovitz v. City of Los Angeles*, 287 F. Supp. 3d 933, 963 (C.D. Cal.

2018) ("Plaintiffs cannot maintain a *Monell* claim against the LAPD as a matter of law.") (citing *Kama*, 394 F.3d at 1239–40); *Nelson v. Cty. of Sacramento*, 926 F. Supp. 2d 1159, 1170 (E.D. Cal. 2013) (citing *Vance v. Cty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996)); *McFarland v. City of Clovis*, 163 F. Supp. 3d 798, 808 (E.D. Cal. 2016); *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 760 (E.D. Cal. 2008); *Vance*, 928 F. Supp. at 996 ("the term 'persons' does not encompass municipal departments" in context of Section 1983). Accordingly, Plaintiffs cannot maintain a claim for relief under § 1983 against Defendant DCFS.

### 4. There are insufficient allegations of policy to render Defendant County a "person" for purposes of § 1983.

Section 1983 only holds a municipality liable for acts that the municipality is itself actually responsible: *i.e.*, "acts which the municipality has officially sanctioned or ordered." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). Municipalities may not be held liable under a respondeat superior theory. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). A plaintiff seeking to impose liability on a municipality under Section 1983 is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997). Failure "to allege facts attributing a constitutional violation to any official custom or policy of a municipal defendant" is grounds for dismissal for failure to state a claim. *Moore v. Cty. of Butte*, 547 F. App'x 826, 828 (9th Cir. 2013).

Here, Plaintiffs claim that the County has a "standard operati[ng] procedure to use perjury to detain and traffic children into foster care in violation of civil rights . . . for federal foster care funds." (FAC ¶ 156.) As evidence of the existence of such a policy, Plaintiffs cite three facts from which they claim it can be inferred.

(a.) First, Plaintiffs refer to the enactment of California Government Code section 820.21. (FAC ¶ 156.) "Section 820.21 precludes social workers from

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

receiving certain state statutory immunities if the social worker maliciously commits perjury, fabricates evidence, fails to disclose known exculpatory evidence, or obtains testimony by duress, fraud, or undue influence." *Olvera v. Cty. of Sacramento*, 932 F. Supp. 2d 1123, 1169 (E.D. Cal. 2013). It "sets forth a narrow exception to statutory immunity when a social worker acts with malice." *Coleman v. Cty. of Fresno*, No. F042414, 2003 WL 22455402, at *3 (Cal. Ct. App. Oct. 28, 2003).

Prior to section 820.21's enactment, social workers were entitled to absolute immunity under various sections of the Government Code, such as section 820.2 and 821.6. *Jacqueline T. v. Alameda Cty. Child Protective Servs.*, 155 Cal. App. 4th 456, 466 (2007); *Alicia T. v. Cty. of Los Angeles*, 222 Cal. App. 3d 869, 883 (1990); *Jenkins v. Cty. of Orange*, 212 Cal. App. 3d 278, 283 (1989). Plaintiffs are correct that section 820.21 was enacted in 1995, and that it changed the immunity landscape. *See Hardwick v. Cty. of Orange*, 844 F.3d 1112, 1119 (9th Cir. 2017).

Section 820.21 "was the direct result of a notorious case, *James W. v. Super. Ct.*, 17 Cal.App.4th 246, 21 Cal.Rptr.2d 169 (1993), wherein the trial court granted absolute immunity for egregious acts resulting in the removal of a child from her family." *Id.*

That case—*James W.*—arose from events in San Diego. *James W. v. Superior Court of San Diego County* (*Goodfriend*), 17 Cal. App. 4th 246 (1993). The underlying case was venued in San Diego: San Diego Superior Court Case No. 648007, Hon. S. Charles Wickersham. *Id.* (viewable on Cal./Cal. App. version, not national reporter version). The California appellate district that reversed the trial court—the Fourth District—encompasses San Diego.

Inferring the existence of a municipal policy in 2015 from legislative priorities in 1995 is speculative enough—but attempting to do so when history makes clear that the legislature was responding to a problem over a hundred miles south is impossible.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

24

(b.) Second, Plaintiffs refer to "numerous tort claims, complaints, and civil lawsuits against Defendant County and Defendant DCFS based on perjury and cover-up since 1995 and the enactment of § 820.21." (FAC ¶ 146.) Any increase in lawsuits against social workers after 1995 is unremarkable and does not permit an inference of any DCFS policy today: it only permits an inference that the legislature exposed them to more lawsuits by intentionally creating an exception to what was previously broad, absolute immunity.

(c.) Third, Plaintiffs refer to "hundreds of parents who will attest to the use of perjury and cover up by [the County and DCFS] to secure removal of their children." (FAC ¶ 146.) Promises of future testimonies tomorrow are no substitute for well-pleaded facts today.

**B. Second Claim for Relief: Conspiracy, 42 U.S.C. § 1983**

Plaintiffs allege some sort of conspiracy. (FAC ¶ 153.) "To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989) (citation omitted). Plaintiffs offer no specific facts regarding the alleged conspiracy, such as (1) the names of the parties to the conspiracy, (2) the specific agreement between such parties, (3) the scope of the conspiracy, (4) the role of any of the Defendants in the conspiracy, or (5) when and how the conspiracy operated. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 937 (9th Cir. 2012). Without such support, Plaintiffs' naked assertion of conspiracy is not entitled to the assumption of truth and must be disregarded—entitling Defendants to dismissal.

**C. Third and Fourth Claims for Relief: *Monell*-Related Claims; 42 U.S.C. § 1983, First Amendment**

To prevail on a § 1983 *Monell* claim, plaintiffs must show: (1) that they suffered a constitutional violation, and (2) that a municipal policy caused the violation. *Monell*, 436 U.S. at 692; *Lowry v. City of San Diego*, 858 F.3d 1248, 1255

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

(9th Cir. 2017), *cert. denied sub nom. Lowry v. City of San Diego, Cal.*, 138 S. Ct. 1283 (2018); *Powe v. City of Chicago*, 664 F.2d 639, 643 (7th Cir. 1981); *Hardrick v. City of Detroit, Michigan*, 876 F.3d 238 (6th Cir. 2017). With respect to the first element, Plaintiffs simply conclude that "County and DCFS violated Plaintiffs' constitutional rights"—without any further specificity. (FAC ¶ 157.) The original complaint at least specified the Fourth and Fourteenth Amendments. (Compl. ¶ 207.) In this sense, the FAC has actually become *more* speculative.

With regard to the second element, Plaintiffs bring a *Monell* claim against Defendants DCFS and County on the basis of four[4] specific policies. As noted above, Defendant DCFS is not a proper defendant to this claim as it is not a "person" for purposes of § 1983. That this claim is captioned as a *Monell* claim is inconsequential. Plaintiffs offer the following policies:

a. using perjury to detain and traffic children into foster care for federal foster care funds

b. the policy of detaining and/or removing well cared for children from parental custody based on falsified declarations and falsified SDM Assessments in violation of MPP 31-001, 31-135, and Penal Code section 118;

c. the policy of removing and detaining well cared for children from their parents and not returning them beyond a reasonable period after the basis for detention is negated;

d. by acting with deliberate indifference to implementing a policy of inadequate training, or by failing to train its officers, agents, employees, and state actors, in providing the Constitutional protections guaranteed to individuals, including those under the Fourth and Fourteenth Amendments when performing actions related to child abuse and dependency proceedings.

(FAC ¶ 157.)

### 1. Failure to allege any underlying constitutional violations warrants dismissal of the Monell claims.

Notably, with respect to the fourth claim for relief, Plaintiffs do not even attempt to set forth a First Amendment-related policy, practice or custom. A valid

---

[4] Plaintiffs nominally allege a fifth policy, which appears to be nothing more than a historical observation of legislative events from the 1990s. (FAC ¶ 157(v).)

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

*Monell* claim requires "a showing that the individual's constitutional violation 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers.'" *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414 (9th Cir. 1986) (alteration in *Palmerin*) (quoting *Monell*, 436 U.S. at 690). Absent any constitutional violations by an individual defendant, there can be no *Monell* liability. *Id.* at 1414–15 (citing *Sanchez v. City of Riverside*, 596 F. Supp. 193, 195 (C.D. Cal. 1984)). "If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point." *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (emphasis in original). Given that Plaintiffs have failed to allege any constitutional injuries beyond the speculative level, their *Monell* claim must also fail.

### 2. Plaintiffs have failed to sufficiently allege that any municipal policies exist, much less that any policies caused any constitutional violations.

"[T]he touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for the deprivation of rights protected by the Constitution." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 137–38 (1988) (internal quotation marks and citation omitted). This touchstone is "designed to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Id.* at 138 (emphasis in original) (internal quotations marks and citation omitted).

As a global matter, Plaintiffs have failed to allege sufficient facts to permit an inference that any of the alleged policies actually exist. A "policy" is one that reflects a deliberate and conscious choice by the municipality, "made from among various alternatives.? *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1986)); *City of*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

27

1   *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). Without such policies,

2   Plaintiffs' attempt to hold the County liable devolves into nothing more than

3   *respondeat superior*, which *Monell* forbids.

4       Moreover, *Monell* requires "an affirmative link between the policy and the

5   particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471

6   U.S. at 821. All four policies fail in this regard.

7       With regard to the first policy, as discussed in Part IV.A, there are insufficient

8   facts in the FAC to permit an inference that Plaintiff B.A. was even removed on the

9   basis of any *falsified declarations* or that any defendant to this action falsified any

10   *SDM assessments*. While the FAC alleges generally that "Defendant social workers

11   falsified the SDM Safety Assessments," these allegations are not tethered to any

12   specific defendant—so there can be no "affirmative link" to a corresponding policy.

13   The remaining three policies are even less tethered to the facts alleged. At base,

14   Plaintiffs have alleged a series of drafting errors in reports that mis-represent a date

15   or an address.

16   **D. Fifth Claim for Relief: Fourteenth Amendment, 42 U.S.C. § 1983**

17       *1. The claim is procedurally speculative.*

18       As mentioned above, the first step in any § 1983 claim is to identify the

19   specific constitutional right allegedly infringed. *Albright*, 510 U.S. at 271.

20       The fifth claim is captioned as one arising under the Fourteenth Amendment.

21   (Compl. 35:14.) It lacks any further precision, and should be dismissed on this basis

22   alone. The Fourteenth Amendment, while most familiar for its Equal Protection and

23   Due Process Clauses, is also a creature of its time—the reconstruction era—and

24   concerns topics of such likely irrelevance as Civil War debt. *E.g.*, U.S. Const.

25   amend. XIV, § 4.

26       Plaintiffs do make passing mention, with respect to Defendant Melissa

27   Ramirez and (non-moving) Defendant Bueno alone, that it should have been

28   apparent that "deliberate falsification of evidence in a child abuse investigation

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

28

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1  violated Plaintiff[] B.A.'s constitutional rights resulting in deprivation[s] of

2  Plaintiff's Fourth Amendment rights against unreasonable seizure and B.A.'s,

3  Karla's, and Alfredo's Fourteenth Amendment rights not be separated without due

4  process of law except in emergencies." (FAC ¶ 168 (first citing *Mabe v. San*

5  *Bernardino Cty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1107 (9th Cir. 2001);

6  then citing *Stanley v. Illinois*, 405 U.S. 645 (1972)).) This is nothing more than a

7  recitation of the familiar maxim that children cannot be seized without a warrant

8  except in exigent circumstances—but Plaintiffs plead no warrantless detention.

9      Given that the legal basis of this claim cannot be divined from the FAC, it

10  fails to give Defendants fair notice of the nature of the claim, as required by Rule

11  8—and is subject to dismissal under Rule 12(b)(6). *Twombly*, 550 U.S. at 555.

12      ### 2. The claim is additionally inadequate as to the entity defendants.

13      With respect to Defendant DCFS, as discussed in Part IV.A.3, *supra*, a

14  municipal department is not a "person" for purposes of § 1983 and DCFS should be

15  dismissed from this claim without leave to amend.

16      With respect to Defendant County, Plaintiff must allege sufficient facts in

17  support of some municipal policy, custom, practice, or other indicia that satisfy

18  *Monell*.  "A government entity may not be held liable under 42 U.S.C. § 1983,

19  unless a policy, practice, or custom of the entity can be shown to be a moving force

20  behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d

21  892, 900 (9th Cir. 2011) (citing *Monell*, 436 U.S. at 694).

22      The only attempts at specific allegations of policy concern Defendants Mejia,

23  Morales, and Luna. (FAC ¶ 185.) Plaintiffs allege that it "should have been apparent

24  that deliberate falsification of the jurisdiction/disposition report violated Plaintiffs'

25  Fourteenth Amendment rights driven by Defendant County's and Defendant

26  DCFS'[] aforesaid long standing official policies." (*Id.*) To the extent that this

27  allegation purports to support a *Monell* claim embedded in the fourth claim, it fails.

28  It is not even a complete sentence—much less an affirmative allegation that any

defendant's actions were taken according to a well-pleaded policy.

**E.  Eighth, Ninth, and Tenth Claims for Relief: State Claims**

Plaintiffs' eighth and tenth claims for relief (IIED and the Bane Act) are barred by the California Government Claims Act, alternatively called the California Tort Claims Act (CTCA), with respect to the individual defendants.

Under Government Code section 821.6, "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Gov. Code § 821.6. The Court of Appeal has expressly found that this immunity applies to IIED claims and Bane Act claims. *E.g.*, *Amylou R. v. Cty. of Riverside*, 28 Cal. App. 4th 1205, 1209 (1994) (IIED); *Towery v. State*, 14 Cal. App. 5th 226, 232 (2017) (Bane Act). Under California Government Code section 820.2, "a public employee cannot be held liable for any injury resulting from 'his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused.'" *Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000). It applies to "county social workers engaged in investigating allegations of child abuse" and provides "complete protection for the decision to investigate, to make an 'in-person response,' and for actions necessary to make a meaningful investigation." *Id.* at 1144–45. Government Code section 820.8 provides that "a public employee is not liable for an injury caused by the act or omission of another person." Government Code section 815.2(b) provides that "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability."

As the Court of Appeal in *Jenkins* noted, "[w]eighing and presenting evidence are prosecutorial functions." 212 Cal. App. 3d at 284. The plaintiffs in *Jenkins* alleged, as the Plaintiffs allege here, that social workers "refused and failed to consider all of the evidence and thereby misrepresented information to the juvenile

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

30

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

court." *Id.* at 283. The Court of Appeal held that such "allegations are immune from liability." *Id.* (citing Cal. Gov. Code § 821.6). While Plaintiffs nominally attempt to circumvent these immunities by invoking Government Code section 820.21, they have failed to support such a claim with any actual facts supporting an inference of malice.

The facts of *Alicia T.* are similarly instructive. There, plaintiffs alleged that there was "no credible evidence upon which to justify removal of Alicia from the custody of her parents." 222 Cal. App. 3d at 875–76. Like Plaintiffs here, the *Alicia T.* plaintiffs "conclude[d] the County unlawfully removed Alicia from the custody of her parents and acted on 'incorrect, unsubstantiated, and insufficient information and therefore lacked probable cause.'" *Id.* at 876. The Court of Appeal held that the social workers were entitled to absolute immunity under Government Code sections 820.2 and 821.6—and that "the County is similarly immune" under section 815.2(b). *Id.* at 88 (citations omitted);

Accordingly, the individual defendants are immune from Plaintiffs' IIED claim and Bane Act caim here under sections 821.6 and 820.2, and their immunity also serves to immunize the County under section 815.2(b).

The ninth claim, captioned as "violation of mandatory duty," has absolutely no factual elaboration and seems to be duplicative of the balance of the complaint.

## V. **CONCLUSION**

For the reasons discussed above, Defendants request the motion be granted.

DATED:  May 29, 2019

PETERSON · BRADFORD · BURKWITZ

By:   */s/ Ryan Graham*

Avi Burkwitz, Esq.
Ryan A. Graham, Esq.
*Attorneys for Defendants*
COUNTY OF LOS ANGELES, *et al.*

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FAC**
Case No. 2:19-CV-1770-RGK-RAO