1   Avi Burkwitz, Esq., Bar No.: 217225
    aburkwitz@pbbllp.com
2   Ryan A. Graham, Esq., Bar No.: 310186
    rgraham@pbbllp.com
3   **PETERSON · BRADFORD · BURKWITZ**
    100 North First Street, Suite 300
4   Burbank, California 91502
    Tel ....818.562.5800
5   Fax....818.562.5810

6   *Attorneys for Defendants,*
    County of Los Angeles (named additionally as "Los Angeles Department of
7   Children and Family Services"), Escobedo, Espinoza, Ruben Jimenez, Sandra
    Jimenez, Lara, Lopez, Luna, Mejia, Morales, Pacheco, Ramirez, Ronces, Salas,
    Silva, and Simons.
8

9   Dan Stormer, Esq., Bar No. 101967
    dstormer@hadsellstormer.com
10  Brian Olney, Esq., Bar No. 298089
    bolney@hadsellstormer.com
11  HADSELL STORMER & RENICK LLP
    128 N. Fair Oaks Avenue
12  Pasadena, CA 91103
    Tel ....(626) 585-9600
13  Fax....(626) 577-7079

14  [Additional Counsel continued on next page]

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17

18  KARLA ARANDA GARCIA, *et al.*,        Case No. 2:19-CV-1770-RGK-RAO

19              Plaintiffs,               Hon. R. Gary Klausner

20       v.                              **JOINT RULE 26(f) REPORT**

21  COUNTY OF LOS ANGELES, *et al.*,

22              Defendants.               Complaint Filed: August 15, 2018
                                          FAC Filed: May 8, 2019
23

24

25

26

27

28

                               1

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

[Additional Counsel continued from previous page]

Olu K. Orange, Esq. (SBN 213653)
o.orange@orangelawoffices.com
ORANGE LAW OFFICES, P.C.
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
TEL: (213) 736-9900
FAX: (213) 417-8800

Rachel Steinback (SBN 310700)
LAW OFFICE OF RACHEL STEINBACK
P.O. Box 291253
Los Angeles, CA 90029
Telephone: (213) 537-5370
Facsimile: (213) 232-4003
Email: steinbacklaw@gmail.com

Attorneys for Plaintiffs

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

After having conferred on a discovery plan and related issues pursuant to Federal Rule of Civil Procedure 26, the following Parties hereby submit their Rule 26(f) joint report: Plaintiff Karla Garcia Aranda, Plaintiff Alfredo Aranda, Plaintiff B.A., Defendant County of Los Angeles, Defendant Los Angeles Department of Children and Family Services, Defendant Gladys Escobedo, Defendant Ruben Jimenez, Defendant Sandra Jimenez, Defendant Ilana Lara, Defendant Antonia Lopez, Defendant Laura Luna, Defendant Gloria Mejia, Defendant Stephanie Morales, Defendant Melissa Ramirez, Defendant Alexandra Ronces, Defendant Evita Salas, Defendant Irma Silva, Defendant Rachel Simons, Defendant Jesus Espinoza (named originally as "Officer Espinoza"), and Defendant Anthony Pacheco (named originally as "Officer Pacheco").

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

# I.   STATEMENT OF THE CASE

### A.   Plaintiffs

Plaintiff B.A. is the minor child of Plaintiffs Karla Garcia Aranda and Alfredo Aranda.  He was a happy and healthy eleven-year old, was living with his parents, and was doing well in school.  Then in October 2013, Mr. Aranda made a formal complaint against two Los Angeles Sheriffs' Department ("LASD") Deputies who had been harassing him, Defendants Pacheco and Espinoza, and everything changed.  In response to Mr. Aranda's complaint—speech protected by the First Amendment—Defendants waged a concerted campaign of retaliation against the Aranda family spanning nearly 4 years and resulting in the unlawful separation of B.A. from his parents, forcing him into the foster care system for more than two years and subjecting him to unspeakable abuse.

Plaintiffs bring this action against the County of Los Angeles, its Department of Children and Family Services (DCFS), and 16 County officials involved in the unlawful events leading to B.A.'s unlawful removal from his parents and/or perpetuating his separation from his parents: Ruben Jimenez, Melissa Ramirez, Lydia Bueno, Alexandra Ronces, Gladys Escobedo, Evita Salas, Antonia Lopez, Rachel Simons, Gloria Mejia, Stephanie Morales, Laura Luna, Sandra Jimenez, Ilana Lara, Irma Silva, Deputy Pacheco, and Deputy Espinoza.  Plaintiffs allege claims against under 42 U.S.C. § 1983 for violation of their rights under the Fourth, Fourteenth, and First Amendments to the United States Constitution; for conspiracy in violation of 42 U.S.C. §§ 1983 and 1988; and for negligence, negligence per se, intentional infliction of emotional distress, violation of mandatory duty, and violation of the Bane Act.

### B.   Defendants

Plaintiffs bring a civil rights action under 42 U.S.C. § 1983 and several state claims related to the detention of Plaintiff B.A. from his parents, Plaintiff Karla Aranda Garcia and Alfredo Aranda. Subsequently, Plaintiff B.A. was the subject of

3

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

a dependency proceeding in the Los Angeles County Superior Court, Juvenile Division ("juvenile court"). Plaintiffs claim that a series of statements across several juvenile court reports resulted in an unlawful seizure in violation of the Fourth Amendment and an unlawful interference with Plaintiffs' familial association rights under the Fourteenth Amendment. A First Amendment claim has also been brought against Defendants Espinoza and Pacheco, the basis of which is not readily apparent in the currently-operative complaint. Defendants deny Plaintiffs' allegations of wrongdoing.

## II.   JUVENILE CASE FILE ISSUES

Because this dispute concerns California's child welfare system, the parties must contend with California Welfare and Institutions Code section 827 ("§ 827"), which inserts the juvenile court as a gatekeeper between the parties and any records included in a "juvenile case file," as that term is defined by § 827 and relevant authorities. A "juvenile case file" includes any documents filed in a juvenile court proceeding (§ 827(e)) and "a wide range of records, including agency files where no juvenile court proceedings have been instituted and the matter is handled informally," *In re Elijah S.*, 125 Cal. App. 4th 1532, 1552 (2005). A juvenile case file can only be released to the public "pursuant to an order by the juvenile court after a petition has been filed and interested parties have been afforded an opportunity to file an objection" ("827 order" and "827 petition"). § 827(a)(2)(A). Agencies, such as DCFS, may not disseminate juvenile case files in their possession outside of the 827 petition procedures. *See* § 827(a)(3)(B); *accord In re Tiffany G.*, 29 Cal. App. 4th 443, 450 (1994). As especially relevant here, juvenile case file documents "may not be made as an attachment to any other documents without the prior approval of the presiding judge of the juvenile court." § 827(a)(4).

Some persons closely associated with juvenile proceedings have an automatic right to access juvenile case files outside of the 827 process—such as court personnel, parents, or certain school officials. § 827(a)(1). However, the automatic

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

4

right afforded to this preferred group is limited to _access_—and does not include _dissemination_. _In re Tiffany G._, 29 Cal. App. 4th at 450–51 ("While [a parent] has access to the juvenile court's records, to allow her to disseminate them to anyone she pleases would stand the confidentiality principle on its head.").

Both parties have filed 827 petitions, and both parties require 827 orders in order to litigate this case effectively. While Plaintiffs have access to the juvenile case file records, they (along with Defendants) will require an 827 order to authorize the production of such records in discovery and their use as exhibits in depositions and exhibits to court filings, for example. As of the date of this filing, both Parties' petitions remain pending in the juvenile court.

In the experience of Defendants' counsel, it takes between 6–12 months (sometimes more) for the juvenile court to review an 827 petition, issue an order, and release records, depending on the volume of records. If, for example, the underlying dependency case involved a single child, concluded quickly, and was not contentious, a juvenile case file can be released in well under a year from the time the petition is filed.

Defendants filed their petition on April 12, 2019, which remains outstanding. Plaintiffs' prior counsel filed a petition on January 31, 2018, for which documents have been produced.  Plaintiffs' current counsel was recently informed by the juvenile court that due to the change in counsel, current counsel must file a new petition with the juvenile court seeking an order permitting them to disseminate the files already provided by the juvenile court.

### III.   PENDING AND ANTICIPATED MOTIONS

#### A.   Plaintiffs

On May 30, 2019, Defendants filed a motion to dismiss Plaintiffs' First Amended Complaint (Dkt No. 46).  Plaintiffs filed their Opposition on June 10 (Dkt No. 53).  The Court took Defendants' motion under submission on June 25 (Dkt No. 58).  On July 1, 2019, Defendants filed another similar motion to dismiss on behalf

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

5

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

of Defendants Silva, Pacheco, and Espinoza (Dkt No. 59), who were served in early June and were not Parties to Defendants' May 30 motion.  Plaintiffs are filing their Opposition to Defendants' July 1 motion on July 8.  Plaintiffs anticipate filing motions *in limine* and may move for summary judgment or summary adjudication after they have conducted necessary discovery.

**B.**   **Defendants**

Defendants filed a motion to dismiss the original complaint on April 17, 2019. ECF No. 27. Plaintiffs mooted that motion by filing a substantially similar complaint—rearranging a few paragraphs and adding two state claims—on May 8, 2019. ECF No. 36. Defendants filed a motion to dismiss the FAC on May 29, 2019 and July 1, 2019. ECF Nos. 46, 48, ___. When the pleadings are settled and discovery is completed, Defendants will ultimately file a motion for summary judgment.

## IV.   INITIAL DISCLOSURES–Rule 26(f)(3)(A)

**A.**   **Plaintiffs**

The Parties stipulate that Plaintiffs will serve their initial disclosures no later than 14 days following the Rule 16 scheduling conference.  Because Plaintiffs do not currently have an order from the juvenile court permitting them to disseminate the juvenile court files or disclose their contents, Plaintiffs will supplement their initial disclosures once they receive such an order.  Plaintiffs require no other change in the form or requirement for disclosures.

**B.**   **Defendants**

Defendants require no change in the timing, form, or requirement of disclosures. Defendants will serve their initial disclosures within 14 days of the Rule 26(f) discovery conference. Given that the bulk of discoverable documents are currently inaccessibly by virtue of § 827, Defendants' disclosures are based on their best recollection and the limited non-§ 827 records available. Defendants will immediately supplement their disclosures upon receipt of Plaintiff B.A.'s juvenile

6

case file.

## V.     SUBJECTS OF DISCOVERY—Rule 26(f)(3)(B)

Plaintiffs make various allegations concerning the contents of various juvenile court reports.  As discussed in Part II, these reports are components of Plaintiff B.A.'s juvenile case file, which Defendants do not currently have access to, and which Plaintiffs do not currently have the ability to disclose.

### A.     Plaintiffs

Plaintiffs intend to seek discovery regarding various topics including: (1) Alfredo Aranda's contacts with members of the Los Angeles Sheriff's Department, and his complaints against same, (2) Defendants' attempts to remove B.A. from his parents' custody, (3) Defendants' removal of B.A. from his parents' custody, (4) Defendants' conduct during the pendency of B.A.'s juvenile case, including but not limited to their efforts to prolong B.A.'s separation from his parents, their failure to ensure appropriate placement of B.A., and their coverup of same, (5) any purported investigation of Plaintiffs by Defendants and/or their agents, (6) Defendants' policies and practices regarding citizen complaints against LASD deputies, (7) Defendants' policies and practices regarding involuntary removals of minor children from their parents' custody, (8) Defendants' policies and practices regarding the handling of juvenile cases involving removals, and (9) the factual circumstances of Plaintiffs' claims and any affirmative defenses alleged by Defendants.

Plaintiffs oppose Defendants' request, which Defendants make in § V.B, to bifurcate Plaintiffs' *Monell* claims into a separate phase at trial and stay *Monell*-related discovery pending resolution of Plaintiffs' non-*Monell* claims.  "[A]bsent some experience demonstrating the worth of bifurcation, 'separation of issues for trial is not to be routinely ordered.'"  *Deocampo v. City of Vallejo*, NO. CIV. S-06-01283 WBS GGH, 2007 U.S. Dist. LEXIS 43533, at *3 (E.D. Cal. June 1, 2007) (quoting Advisory Committee Notes to the 1966 Amendment to Fed. R. Civ. P. 42(b)).  Defendants' request for a protective order staying *Monell*-related discovery

**RULE 26(f) JOINT REPORT**
Case No. 2:17-CV-9193-FMO-E

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

is governed by an even higher standard.  "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).  "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.*

Courts consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties.  *See* Fed. R. Civ. Pro. 42(b); Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 16:160.4 (2010); *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1088 (9th Cir. 2005). None of these factors supports Defendants' request for bifurcation here.

Bifurcation of discovery and trial here would be neither convenient nor efficient.  To the contrary, bifurcation would result in substantial delay and duplication of effort if Plaintiffs prevail on any of their section 1983 claims, because the Court would be required to reopen discovery and then hold a second trial.  *See Deocampo*, 2007 U.S. Dist. LEXIS 43533, at *4-5 (denying motion to bifurcate discovery and trial, and stating that "Should plaintiffs wish and be able to proceed on their *Monell*-related claims after the trial of the claims against the individual defendants, the court would either have to impanel a second jury or return the first jury after the several months that it would take to complete discovery on the *Monell*-related claims."); *Muhammad v. City of S.F.*, No. C 06-04480 JSW, 2007 U.S. Dist. LEXIS 40595, at *4 (N.D. Cal. May 23, 2007) ("The Court finds that it would be most efficient to move forward on all of Plaintiffs' claims simultaneously."). Bifurcation would also impose a burden on the witnesses, because it is likely that many of the same witnesses who will testify during the individual liability phase would need to testify a second time during the *Monell*-liability phase.

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

8

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

Bifurcation of the *Monell* claims will not promote judicial economy even in the event that Defendants prevail at trial as to the individual Defendants. Defendants' only argument in favor of bifurcation is that a finding in favor of the individual Defendants on Plaintiffs' constitutional claims would preclude any finding of *Monell* liability.  This is not the law.  Even were Defendants to prevail on Plaintiffs' § 1983 claims against the individual Defendants, Plaintiffs may still proceed with their *Monell* claims.  *See Deocampo*, 2007 U.S. Dist. LEXIS 43533, at *4 ("[T]he court cannot assume, as defendants suggest, that the Monell claims will simply go away after the claims against the individual officers are tried.").  For example, the County may be liable notwithstanding a verdict in favor of the individual Defendants if the individual Defendants are exonerated on the basis of qualified immunity because a right was not clearly established, *see Chew v. Gates*, 27 F.3d 1432, 1438-39 (9th Cir. 1994), or if a constitutional violation was committed by multiple or unknown County officials who cannot be identified, *see Owen v. City of Independence*, 445 U.S. 622, 652 (1980).

Plaintiffs' conspiracy claim in particular weighs heavily against bifurcating either discovery or trial.  *See De Anda v. City of Long Beach*, 78 F.3d 1418, 1421 (9th Cir. 1993) (abuse of discretion to bifurcate plaintiff's conspiracy claim).

Moreover, a stay of *Monell*-related discovery would be inefficient and unworkable.  Because the County's policies and practices would still be at issue with regard to Plaintiffs' state law claims even if the Court bifurcated Plaintiffs' *Monell* claims, an order bifurcating discovery would be unworkable and generate satellite litigation regarding whether or not certain discovery was permissible.  *Cf. Chao v. Aurora Loan Servs., LLC*, No. C 10-03383 SBA, 2011 U.S. Dist. LEXIS 143356, at *3 (N.D. Cal. Dec. 12, 2011) (stating, in putative class action case, that "the Court finds that an order bifurcating discovery would be unworkable because the certification-based evidence and merits-based evidence in this case is intertwined, and inefficient because bifurcation would require ongoing supervision

9

1  of discovery, including the resolution of disputes concerning whether discovery is

2  [*Monell*]-based or merits-based").

3        For all of these reasons, the Court should not bifurcate either discovery or

4  trial.  At the very most, the Court should permit all relevant discovery to proceed

5  and reserve any decision regarding bifurcation of trial until discovery has been

6  completed and the evidence and witnesses are more clear.  If the Court chooses to

7  consider Defendants' request, Defendants should be required to file a noticed

8  motion providing Plaintiffs a full opportunity to respond.

9      **B.**    <u>**Defendants' request to bifurcate, conduct discovery in phases.**</u>

10        Defendants request that Plaintiffs' claims under *Monell* be bifurcated from the

11  remaining claims and be tried after the liability or non-liability of the individual

12  defendants is determined. Defendants further request that *Monell*-related discovery

13  be stayed pending the resolution of the non-*Monell* issues.

14        Absent any constitutional violations by the individual defendants, there can be

15  no *Monell* liability. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1415 (9th Cir.

16  1986). As the Supreme Court has observed, "neither [*Monell*], nor any other of our

17  cases authorizes the award of damages against a municipal corporation based on the

18  actions of one of its officers when in fact the jury has concluded that the officer

19  inflicted no constitutional harm." *City of Los Angeles v. Heller*, 475 U.S. 796, 799

20  (1986). "If a person has suffered no constitutional injury at the hands of the

21  individual police officer, the fact that the departmental regulations might have

22  *authorized* the use of constitutionally excessive force is quite beside the point." *Id.*

23  (emphasis in original).

24        Consequently, Defendants believe that judicial economy would best be served

25  by refraining from conducting discovery on allegedly unconstitutional Countywide

26  policies, practices, and customs until the constitutional violations have been

27  established.

28

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

**RULE 26(f) JOINT REPORT**
Case No. 2:17-CV-9193-FMO-E

## VI.     ELECTRONICALLY STORED INFORMATION—Rule 26(f)(3)(C)

The Parties have met and conferred regarding the preservation of electronically stored information ("ESI"). Plaintiffs have sent Defendants a litigation hold letter specifically addressing ESI.

## VII.     CLAIMS OF PRIVILEGE OR PROTECTION—Rule 26(f)(3)(D)

The Parties are in the process of meeting and conferring regarding the preparation of a stipulation for a protective order governing the inadvertent production of privileged materials (*i.e.*, Fed. R. Evid. 502) and the designation and production of information during the litigation which either Party contends is confidential and warranting protection under the applicable good cause or compelling reasons standard.

## VIII.   LIMITATIONS ON DISCOVERY—Rule 26(f)(3)(E)

### A.     Plaintiffs

The operative First Amended Complaint (FAC) names 15 individual Defendants in addition to the County, and many of the non-party witnesses are employees of the County. The Parties have met and conferred but have been unable to reach agreement on any increase to the presumptive 10 deposition limit under Federal Rule of Civil Procedure 30(a)(2)(A)(i). Plaintiffs request leave of Court to take up to 20 non-expert depositions. In the event that discovery reveals the need for Plaintiffs to take more than 20 non-expert depositions, they will meet and confer with Defendants and seek Defendants' agreement to further increase the deposition limit and, only absent such agreement, will seek further leave of Court.

### B.     Defendants

Many of the individually-named defendants bear no connection to the alleged wrongdoing—a point made in the pending motions' discussions of personal participation. At present, consequently, Defendants take the position that it is premature to consider whether exceeding the deposition limit is proper.

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

## IX.   ADDITIONAL ORDERS—Rule 26(f)(3)(F)

At this time, the Parties do not require any further orders beyond the issues set forth herein.

## X.   LOCAL RULE 26-1

### A.   Complex Case (Local Rule 26-1(a))

This action is not a complex case and the Parties agree that the Manual for Complex Litigation does not apply.

### B.   Motion Schedule

The Parties anticipate that certain claims, issues, or defenses in this case may be determined by summary judgment or summary adjudication.  The Parties anticipate such motion practice will occur after the Parties have conducted the necessary depositions and other discovery—but in no case before the disclosure of B.A.'s juvenile case file or before both parties have obtained 827 orders.

### C.   Settlement / ADR (Local Rule 26-1(c))

The Parties are amenable to ADR No. 1 (district judge or magistrate judge), and anticipate engaging in mediation no later than August 31, 2020.

### D.   Trial Estimate (Local Rule 26-1(d))

At this early state in the proceedings, the Parties preliminarily estimate that the trial would last 10 to 15 days.

### E.   Additional Parties (Local Rule 26-1(e))

The Parties do not expect to add any additional parties to this case.

### F.   Expert Witnesses (Local Rule 26-1(f))

The proposed timing of expert disclosures is set forth in Section XI, and the Parties do not propose any changes to the timing requirements set forth in Federal Rule of Civil Procedure 26(a) for the disclosure of expert witnesses.

## XI.   CASE DEADLINES

The parties propose the following trial date and litigation deadlines:

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| Trial date............................................................. | Mon., February 9, 2021 |
| Final pretrial conference...................................... | Mon., January 18, 2021 |
| Deadline to file motions in limine....................... | Mon., December 22, 2020 |
| Hearing on dispositive motions ................... | Mon., November 16, 2020 |
| Deadline to file reply ............................ | Mon., November 2, 2020 |
| Deadline to file opposition ........................ | Mon., October 12, 2020 |
| Deadline to file dispositive motions................... | Mon., September 21, 2020 |
| | |
| Discovery (expert) cutoff ................................... | Mon., September 7, 2020 |
| Mediation cutoff ................................................ | Mon., August 31, 2020 |
| Deadline for rebuttal expert disclosure/report.... | Mon., August 24, 2020 |
| Deadline for initial expert disclosure/report ...... | Mon., August 10, 2020 |
| Discovery (non-expert) cutoff............................ | Mon., July 20, 2020 |

13

## ATTESTATION

Pursuant to Local Rule 5-4.34(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  July 8, 2019              PETERSON · BRADFORD · BURKWITZ

                                 By:  */s/ Ryan A. Graham*
                                      Avi Burkwitz, Esq.
                                      Ryan A. Graham, Esq.
                                      *Attorneys for Defendants*
                                      County of Los Angeles, *et al.*
                                      (see caption for additional)


DATED:  July 8, 2019              HADSELL STORMER & RENICK LLP

                                 By:  */s/ Brian Olney*
                                      Dan Stormer, Esq.
                                      Brian Olney, Esq.
                                      *Attorneys for Plaintiffs*

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

14

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On July 8, 2019, I served the foregoing document described as:

RULE 26(f) JOINT REPORT

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

### SEE ATTACHED MAILING LIST

☒  **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒  **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 8, 2019, at Burbank, California.

*/s/ Lilliana Rosales*

Lilliana Rosales

RULE 26(f) JOINT REPORT
Case No. 2:17-CV-9193-FMO-E

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

1

## <u>SERVICE LIST</u>

**RE:**   **<u>Karla Garcia Aranda, et al. v. County of Los Angeles, et al.</u>**

**Case No.:**   2:19-CV-01770-RGK-RAO

Dan Stormer
Brian D Olney
Hadsell Stormer and Renick LLP
128 North Fair Oaks Avenue
Pasadena, CA 91103
626-585-9600
626-577-7079 (fax)
dstormer@hadsellstormer.com
bolney@hadsellstormer.com

**Attorneys for Plaintiffs B.A., Alfredo Aranda, and Karla Aranda Garcia**
Olu K. Orange
Orange Law Offices PC
3435 Wilshire Boulevard Suite 2910
Los Angeles, CA 90010
213-736-9900
213-417-8800 (fax)
o.orange@orangelawoffices.com

**Attorneys for Plaintiffs**

Rachel Steinback
Rachel Steinback Law Offices
P O Box 291253
Los Angeles, CA 90029
213-537-5370
213-232-4003 (fax)
steinbacklaw@gmail.com

**Attorneys for Plaintiffs B.A., Alfredo Aranda, and Karla Aranda Garcia**

PETERSON · BRADFORD · BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800