Avi Burkwitz, Esq., Bar No.: 217225
aburkwitz@pbbllp.com
Ryan A. Graham, Esq., Bar No.: 310186
rgraham@pbbllp.com
**PETERSON · BRADFORD · BURKWITZ**
100 North First Street, Suite 300
Burbank, California 91502
Tel ....818.562.5800
Fax....818.562.5810

*Attorneys for Defendants,*
County of Los Angeles (inclusive of the "Los Angeles Department of Children and Family Services," erroneously named as a distinct entity), Escobedo, Espinoza, Ruben Jimenez, Sandra Jimenez, Lara, Lopez, Luna, Mejia, Morales, Pacheco, Ramirez, Ronces, Salas, Silva, and Simons.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA ARANDA GARCIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES, *et al.*, <br><br> Defendants. | Case No. 2:19-CV-1770-RGK-RAO <br><br> Hon. R. Gary Klausner (Dist. Judge) <br> Hon. Rozella A. Oliver (Mag. Judge) <br><br> **DEFENDANT PACHECHO'S, ESPINOZA'S, AND SILVA'S REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br> Date .................... July 29, 2019 <br> Time ................... 9:00 a.m. <br> Location ............. Courtroom 8A <br><br> Complaint Filed: August 15, 2018 <br> FAC Filed: May 8, 2019 <br> Trial: Not Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Pacheco, Silva, and Espinoza ("Moving Defendants" or "Movants") hereby submit their reply in support of their motion to dismiss the First Amended Complaint (FAC).

///

///

///

///

///

## I. INTRODUCTION

Plaintiffs' opposition fails to fulfill the only purpose an opposition serves: *i.e.*, to refute the arguments <u>actually</u> made by a movant. In numerous places, Plaintiffs mischaracterize Defendants' points to no apparent purpose. For example, they claim that Silva sought dismissal of the negligence claim against her on grounds that her alleged misstatement was not intentionally false. Opp. 23:11. Silva did not challenge intent, however, she challenged causation. Mot. 19:6. Elsewhere, Plaintiffs refer to principles but fail to explain how they operate. For example, they claim that Plaintiff Alfredo's First Amendment claim is equitably tolled, but fail to engage in any discussion of what factors are involved in equitable tolling or how equitable tolling suffices to render his claim timely. Opp. 21:6–18.

Instead, Plaintiffs litigate the word "typo" and—worst of all—try to get the last word in pending dismissal proceedings in which the briefing is already closed. Opp. 21:9–18. The opposition asserts that various non-moving defendants' warnings of "opening the floodgates" is misplaced. *Id.* By doing so, Plaintiffs violate Local Rule 7-10, which provides that "[a]bsent prior written order of the Court, the opposing party **shall not file a response to the reply.**" L.R. (Civil) 7-10. Defendants also note that Plaintiffs shoehorned over 50 lines of text in their opposition to the other motion to dismiss—which are again supplemented here. In any case, Plaintiffs' opposition fails to justify why the claims against Movants should not be dismissed. Consequently, Movants respectfully request the motion be granted.

## II. ARGUMENT

### A. Second claim for relief (§ 1983, conspiracy)

Movants argued that Plaintiffs failed to allege sufficient details concerning the alleged conspiracy to support any inference that Movants actually conspired. Mot. 15:2–28. In opposition, Plaintiffs claim they have set forth the facts from which agreement can be inferred, including the five factors set out by Movants from *Lacey*. Opp. 11:16–27; Mot. 15:18–26 (referring to (1) the names of the parties to

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

the conspiracy, (2) the specific agreement between such parties, (3) the scope of the conspiracy, (4) the role of any of the Movants in the conspiracy, and (5) when and how the conspiracy operated).

Plaintiffs claim they have alleged "the duration and scope of the conspiracy," citing to paragraphs 77, 78, and 83–87 of the FAC. Opp. 11:18–21. Respectfully, Plaintiffs invent allegations that simply do not exist. These paragraphs simply set forth the allegations that Pacheco and Espinoza made two allegedly false domestic violence calls to a DCFS hotline and later testified, nothing more. Plaintiffs claim they have alleged "the individual acts taken by Pacheco" and Espinoza and "each of the other defendants." Opp. 18:19–20. This much is true. But Plaintiffs also claim that these acts demonstrate "that each Defendant shared" a "common objective." Opp. 18:21–22. Again, Plaintiffs exaggerate their allegations in order to meet the criteria set forth in *Lacey*. Plaintiffs close their conspiracy counterpoints by asserting that "by participating in the conspiracy, [M]oving Defendants are each liable . . . for all of the misconduct of the other [d]efendants." Opp. 19:2–4. This might be true, but only if Plaintiffs had adequately alleged a conspiracy to begin with.

### B.  Fourth claim for relief (§ 1983, 1st Amendment)[1]

(1.) Plaintiffs' opposition to dismissal of Plaintiff Alfredo Aranda's First Amendment claim relies principally on the continuing violation doctrine. To invoke the continuing violation doctrine, a plaintiff must show "'a series of related acts, one or more of which falls within the limitations period, or the maintenance of a[n] [unconstitutional] system both before and during [that] period.'" *Gutowsky v. Cty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997) (first two emphases added, third in *Gutowsky*) (quoting *Green v. Los Angeles Cty. Superintendent of Sch.*, 883 F.2d 1472, 1480 (9th Cir. 1989)). Plaintiffs clearly do not show "a series of related acts,

---

[1] Moving Defendants originally assumed that the use of the plural "Plaintiffs" in ¶ 162 of the FAC indicated Plaintiffs were asserting the speech rights of all three Plaintiffs. Given Plaintiffs representation that First Amendment claim is brought by Plaintiff Alfredo Aranda, and him only, Moving Defendants withdraw their arguments concerning Plaintiff Karla Aranda and B.A.

one or more of which falls within the limitations period." Instead, they rely on the "systematic violation" theory. Opp. 20:17. But this avenue to invoking the continuing violation doctrine is designed to accommodate *Monell* claims for municipal liability, as "it is difficult to ascertain exactly when such claims would accrue." *Gutowsky*, 108 F.3d at 259.

Indeed, Plaintiffs defend their First Amendment claims against Pacheco and Espinoza by claiming that they (Plaintiffs) have pleaded a "systemic policy and practice by the County." Opp. 20:22.[2] But an unconstitutional policy is an allegation supporting liability against a municipality, not individuals.[3] Consequently, "the only way [Plaintiffs] can hope to show a continuing violation" is to "state facts sufficient . . . [to] support[ ] a determination that the alleged [unconstitutional] acts are related closely enough to constitute a continuing violation, and that one or more of the acts falls within the limitations period." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (first and final emphases added, remaining emphases in *Knox*) (quoting *DeGrassi v. City of Glendora*, 207 F.3d 636, 645 (9th Cir. 2000)); *accord DeGrassi*, 207 F.3d at 645.

On June 15, 2015, Defendant Melissa Ramirez allegedly filed to remove B.A. from "the home of the parents." FAC ¶ 97. Three days later, Defendant Ramirez and Defendant Lydia Bueno removed B.A. from Karla. FAC ¶ 97. The events that preceded this removal were not any actions by Pacheco or Espinoza. Plaintiffs allege that, on June 3, 2015, officers from the City of Huntington Park's police department "made a false incident report to DCFS." FAC ¶ 94. It was these officers whose report was given to DCFS. FAC ¶ 95. The acts alleged by Pacheco and Espinoza allegedly precipitated an entirely different removal in a year earlier, before B.A. was reunited with his parents. *See* FAC ¶¶ 77–87. Consequently, the acts of Pacheco and Espinoza are not "related closely enough to constitute a continuing

---

[2] For a discussion of the inadequacy of these allegations of policy, see ECF No. 48 at page 25.
[3] Neither Pacheco or Espinoza are alleged to be decisionmakers for the County, and they are not sued in their official capacity (*i.e.*, suits that would be functionally equivalent to *Monell*).

4

violation" of any conduct that occurred within the statutory period.

(2.) Additionally, Plaintiffs seem to suggest that equitable tolling applies. Opp. 21:6. They make passing reference to a case, citing <u>seven pages</u>, but provide no discussion of what factors might be required to establish equitable tolling or why it should apply. "The Court need not address arguments not fully made." *LoPresti v. Fay Servicing, LLC*, No. 16-CV-1222-PSG-GJS, 2016 WL 10834081, at *2 (C.D. Cal. July 19, 2016); *Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 873 (9th Cir. 2001) (declining to address an argument for being "too undeveloped to be capable of assessment").

C.  **Fifth claim for relief (§ 1983, 14th Amendment)**

(1.) The legal theory supporting the fifth claim is not at all clear, and the opposition only worsens the confusion. Plaintiffs note the Fourteenth Amendment (1) covers deliberate falsification of evidence, citing *Costanich*, (2) protects families' rights to live together, citing *Wallis*, and (3) establishes a failure-to-protect claim, citing *Tamas*. Opp. 22:1 (citing *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101 (9th Cir. 2010)), 22:12–15 (citing *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842 (9th Cir. 2010)); Opp. 21:21–23 (citing *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000)).

The parties agree on one thing: the Fourteenth Amendment covers a <u>lot</u>. All three cases cited by Plaintiffs involve substantive due process. Substantive due process requires, as a threshold issue, that a protected life, liberty, or property interest be advanced. *Brittain v. Hansen*, 451 F.3d 982, 991–92 (9th Cir. 2006).

As *Wallis* makes clear, there are numerous species of "familial association" claims that rely on distinct liberty interests: *i.e.*, (1) parents' interests in receiving notice of their children's medical procedures in dependency proceedings, (2) parents' interests in being present at such medical appointments, and (3), as Plaintiffs note, families' interests in "liv[ing] together without governmental interference." 202 F.3d 1126, 1136. *Tamas* identifies another liberty interest—"a

foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent." 630 F.3d 833, 842 (9th Cir. 2010). The liberty interest at issue in a deliberate fabrication claim is the one set forth in *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001): *i.e.*, an interest not to be accused based on deliberately falsified evidence. *Costanich*, 627 F.3d at 1115..

Defendants originally noted that the elements of procedural due process and substantive due process are sufficiently distinct to warrant further specificity in Plaintiffs' pleadings. Mot. 18:19–21. Plaintiffs—by invoking numerous different species of substantive due process claims—only make the point more salient: even <u>within</u> substantive due process, Plaintiffs must affirmatively identify the liberty interest supporting their due process claim. As the numerous interests in *Wallis* confirm, even simply invoking "familial association" is insufficiently specific.

(2.) Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Plaintiffs' pleading failures highlight the overlap between these two justifications for dismissal. Plaintiffs have not alleged any particular legal theory—and consequently, it is impossible to tell whether the FAC alleges sufficient facts under any cognizable legal theory. For example, a substantive due process claim requires conscience-shocking behavior. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998). Procedural due process claims do not. Consequently, it is impossible to tell whether the pertinent facts have been alleged.

This problem is not simply academic, but has ramifications throughout the litigation. "While a summary judgment motion does go beyond the pleadings in the sense that it tests the sufficiency of the evidence to *support the allegations of the complaint,* those allegations still serve to frame—and limit—the issues." *Fox v. Good Samaritan L.P.*, 801 F. Supp. 2d 883, 896 (N.D. Cal. 2010) (emphasis in original), *aff'd sub nom. Fox v. Good Samaritan Hosp. LP*, 467 F. App'x 731 (9th

Cir. 2012). Additionally, before trial, the parties will submit a memorandum of contentions of law and fact that must outline the elements of Plaintiffs' claims. L.R. (civil) 16-4.1. This information should be apparent from the pleadings. Plaintiffs cannot, through clever pleading, allege a vague claim, forcing Movants to speculate what it will have to refute at the merits stage. Moreover, Plaintiffs will not be able to survive summary judgment by reference to claims that have not been alleged in the operative complaint. *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968–69 (9th Cir. 2006). It is, therefore, in all parties' interests that Plaintiffs be required to affirmatively allege what they intend to litigate.

(3.) Plaintiffs point that Defendants acknowledged the FAC alleges a familial association claim in other filings, Opp. 21, at n.8, is meritless: "a court *may not* look beyond the complaint to a plaintiff's moving papers." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original).

### D.  Sixth claim for relief (negligence)

(1.) Plaintiffs exaggerate Movants' use of "typo" to move the proverbial goal posts, claiming Movants argued that Silva's typo "was not intentionally false." Opp. 23:10–11. However, Movants argued that proximate causation is not sufficiently alleged against Defendant Silva, given that she specifically recommended Plaintiff B.A. be returned home. Mot. 19:10–11 (citing FAC ¶ 142).

Plaintiffs claim that the Court should nevertheless draw the inference that Defendant Silva caused B.A.'s placement in "substandard homes in which he suffered serious abuse until he was returned" to Plaintiff Karla. Opp. 23:21–27. The specific fact Defendant Silva stands accused of "falsifying" is the date on which B.A. was re-placed from Urbina to Rendon. FAC ¶ 141. For Plaintiffs' position to be meritorious, the Court would have to believe that the juvenile court's placement of B.A. in "substandard homes" was caused by Defendant Silva stating a date incorrectly, even though she simultaneously requested a hearing to "allow child to return home of parent-mother." FAC ¶ 142. This is not a reasonable inference.

Plaintiffs claim that, "when viewed within the context of the entire FAC," Defendant Silva's typo supports an inference of "willful misconduct." Opp. 23:15–20. But "in construing a complaint most favorably for the plaintiff, a court need not give a plaintiff the benefit of every conceivable doubt; rather, a court is required only to draw every reasonable or warranted factual inference in the plaintiff's favor." *McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974) (citations omitted).

(2.) Movants proffer that they are immune under several sections of the Government Code. Mot. 19:12. Plaintiffs accuse Defendants of "fail[ing] even to acknowledge Government Code § 820.21[.]" Opp. 24:2–3. Section 820.21 "abrogates immunity for perjury, fabrication of evidence, failure to disclose known exculpatory evidence, or obtaining testimony by duress, fraud, or undue influence—if committed with malice." *Gabrielle A. v. Cty. of Orange*, 10 Cal. App. 5th 1268, 1285 (2017). "Thus, not only must the act fall into one of the enumerated categories, but it must also be committed with malice. <u>This is a high bar to clear</u> . . . ." *Id.* (emphasis added).

At the merits, the burden to prove that section 820.21 applies—and defeats immunity—is Plaintiffs' to bear. *Parkes v. Cty. of San Diego* is illustrative. 345 F. Supp. 2d 1071 (S.D. Cal. 2004). At summary judgment, *Parkes* found that one defendant remained entitled to immunity despite section 820.21 because "Plaintiffs fail to set forth any facts demonstrating a genuine issue as to whether Defendant Prince engaged in perjury, fabrication of evidence, failure to disclose exculpatory evidence or obtaining testimony by duress." *Id.* at 1083 ("section 820.21 does not apply to Prince's conduct and she is entitled to immunity"). For a different set of defendants, for whom the evidentiary showing was stronger, section 820.21 defeated immunity. *Id.* at 1083, 1084 ("Section 820.21 does not apply and Defendant Calderon" for pre-hearing investigation, but did defeat immunity for separate claim of failing to disclose information).

At the pleadings stage, Plaintiffs' task is not to <u>actually</u> clear the "high bar" of

establishing (1) conduct within the enumerated categories, and (2) that the conduce was committed with malice—but they must still *allege* sufficient factual matter, taken as true, to permit an inference of such conduct. In this regard, they have failed. While Plaintiffs claim they have alleged deliberate perjury, fabrication of evidence, and failing to disclose exculpatory evidence, they have not done so with sufficient factual sufficiency to meet the pleading standard.

Plaintiffs' most glaring pleading failure concerns malice. Under § 820.21, malice "means conduct that is intended by the person described in subdivision (a) to cause injury to the plaintiff or despicable conduct that is carried on by the person described in subdivision (a) with a willful and conscious disregard of the rights or safety of others." Nowhere in the FAC do Plaintiffs allege facts supporting an inference that any defendant intended cause injury to B.A. For example, Plaintiffs allege that "Officer defendants and each of them, acted deliberately and with malice and oppression to intimidate and/or silence Plaintiff." FAC ¶ 164. Similarly conclusory allegations are alleged in support of the IIED claim. FAC ¶¶ 219, 223.

But these allegations are mere conclusions, which *Iqbal* teaches are not entitled to presumption of truth on a motion to dismiss. Consequently, these statements must be purged before turning to the FAC to determine whether a plausible claim under section 820.21 has been alleged. The trouble, for Plaintiffs, is that once these conclusory allegations are disregarded, there is nothing left.

E.  **Tenth claim for relief (Bane Act)**

(1.) In response to Movants' point that the claims alleged involve only speech, Plaintiffs claim that the acts of filing juvenile court reports with false statements rises above an act of mere speech. Opp. 26:12. The ignore the fact that, even if this is true, they must show a threat, intimidation, or coercion—none of which is present in simply filing a court report.

(2.) Plaintiffs claim that, even if Movants' conduct is interpreted as speech, dismissal is unwarranted because Movants cited no cases "foreclosing" Bane Act

claims when "applying the speech limitation." Opp. 26:18.

No such cases exist, because the speech provisions of the Bane Act do not "foreclose" a Bane Act claim in the first place. Opp. 26:20. The Bane Act *does* permit speech to be actionable. A speech-based Bane Act claim is simply subject to an additional requirement: it must be accompanied by a reasonable fear of violence. *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 66 (2015). The cases, consequently, do not foreclose Bane Act claims simply because they are supported by speech—cases foreclose Bane Act claims because the speech-related allegations are not further supported by allegations of violence or a reasonable fear of violence. *Id.* ("While plaintiffs say in their reply brief they had a reasonable belief violence would result should they disobey the orders of the police officers, the first amended complaint does not allege a police officer threatened any plaintiff with violence.").

Courts routinely foreclose speech-based Bane Act claims because there is no accompanying fear of violence. *Allen*, 234 Cal. App. 4th at 66; *see also Herrera v. AllianceOne Receivable Mgmt., Inc.*, 170 F. Supp. 3d 1282, 1288 (S.D. Cal. 2016) (dismissing Bane Act claim based on telephone calls "because Defendant never threatened Plaintiffs with acts of violence"); *Morrison v. Pal*, No. 17-CV-0776-AWI-JLT, 2018 WL 6460038, at *10 (E.D. Cal. Dec. 10, 2018); *Reinhardt v. Santa Clara Cty.*, No. C05-05143, 2006 WL 3147691, at *8 (N.D. Cal. Nov. 1, 2006).

Under the Bane Act's speech provision, the opposite is also true: where speech *is* accompanied by threats, courts permit claims predicated on speech to proceed. *Doe v. City of San Diego*, 198 F. Supp. 3d 1153, 1168 (S.D. Cal. 2016).

In any case, the statute is clear enough: "[s]peech alone is not sufficient to support an action" unless "the speech itself threatens violence" or the person to whom it is directed as a reasonable fear "because of the speech, [that] violence will be committed." Civ. Code § 52.1(k). Movants need no clearer authorities.

(3.) Plaintiffs claim that Movants are liable under the Bane Act for the acts of their co-defendants. Opp. 25:24. Specifically, Plaintiffs cite *Casey v. U.S. Bank Nat.*

*Assn.*, 127 Cal. App. 4th 1138, 1144 (2005). *Casey* noted that "California has adopted the common law rule for subjecting a defendant to liability for aiding and abetting a tort." But *Casey* is not instructive where a public official/entity can claim immunities under Government Code.

"[S]overeign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute." *Wright v. State*, 122 Cal. App. 4th 659, 672 (2004). "Except <u>as otherwise provided by statute</u> (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person." Gov. Code § 820 (emphasis added). A specific statute—Government Code section 820.8—provides that "a public employee is not liable for an injury caused by the act or omission of another person." Gov. Code § 820.8.  It may very well be the case that *Casey* would support tort liability against a private individual. But Movants are not private individuals. "[T]he general rule is that the governmental immunity will override a liability created by a statute outside of the Tort Claims Act." *Gates v. Superior Court*, 32 Cal. App. 4th 481, 510 (1995).

(3.) Plaintiffs assert the Bane Act claim is proper because B.A. was seized by the law enforcement defendants, Pacheco and Espinoza. Opp. 26:27. They cite to *Cole v. Doe 1 thru 2 Officers of City of Emeryville Police Dep't*, 387 F. Supp. 2d 1084 (N.D. Cal. 2005) as support. Opp. 27:1. Movants concede that *Cole* supports the view that a seizure can support a Bane Act claim where no physical force is used. *Id.* at 1103. But Plaintiffs miss the significance of the underlying arrest in *Cole*—there, the plaintiff was actually arrested and his car was searched. *Id.* at 1088. Here, Plaintiffs do not allege that Pacheco and Espinoza detained B.A. Plaintiffs only allege that they falsified a report against B.A.'s father and testified in court.

DATED:  June 10, 2019

PETERSON · BRADFORD · BURKWITZ
By: /s/ Ryan A. Graham, Esq.
Avi Burkwitz, Esq.
Ryan A. Graham, Esq.
*Attorneys for Defendants*

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 100 North First Street, Suite 300, Burbank, California 91502.

On July 15, 2019, I served the foregoing document described as:

**DEFENDANT PACHECHO'S, ESPINOZA'S, AND SILVA'S REPLY IN SUPPORT OF MOTION TO DISMISS**

on interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED MAILING LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 15, 2019 at Burbank, California.

*Ryan A. Graham, Esq.*

Ryan A. Graham, Esq.

# SERVICE LIST

RE: <u>Karla Garcia Aranda, et al. v. County of Los Angeles, et al.</u>

Case No.: 2:19-CV-01770-RGK-RAO

Dan Stormer
Brian D Olney
Hadsell Stormer and Renick LLP
128 North Fair Oaks Avenue
Pasadena, CA 91103
626-585-9600
626-577-7079 (fax)
dstormer@hadsellstormer.com
bolney@hadsellstormer.com

**Attorney for Plaintiffs B.A., Alfredo Aranda, and Karla Aranda Garcia**

Olu K Orange
Orange Law Offices PC
3435 Wilshire Boulevard Suite 2910
Los Angeles, CA 90010
213-736-9900
213-417-8800 (fax)
o.orange@orangelawoffices.com

**Attorney for Plaintiffs B.A., Alfredo Aranda, and Karla Aranda Garcia**

Rachel Steinback
Rachel Steinback Law Offices
P O Box 291253
Los Angeles, CA 90029
213-537-5370
213-232-4003 (fax)
steinbacklaw@gmail.com

**Attorney for Plaintiffs B.A., Alfredo Aranda, and Karla Aranda Garcia**

PETERSON • BRADFORD • BURKWITZ
100 North First Street, Suite 300
Burbank, California 91502
818.562.5800

13

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**
Case No. 2:19-CV-1770-RGK-RAO