Dan Stormer, Esq. [S.B. # 101967]
Brian Olney, Esq. [S.B. #298089]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile:  (626) 577-7079
Emails: dstormer@hadsellstormer.com
        bolney@hadsellstormer.com

Attorneys for Plaintiffs

[Additional Counsel continued on next page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KARLA GARCIA ARANDA, an individual; ALFREDO ARANDA, an individual; and Minor Plaintiff B.A., by and through his Guardian *ad Litem*, Karla Garcia Aranda,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>COUNTY OF LOS ANGELES, a public entity, LOS ANGELES DEPARTMENT OF CHILDREN AND FAMILY SERVICES, a subdivision of the County of Los Angeles; RUBEN JIMENEZ, an individual; MELISSA RAMIREZ, an individual; LYDIA BUENO, an individual; ALEXANDRA RONCES, an individual; GLADYS ESCOBEDO, an individual; EVITA SALAS, an individual, ANTONIA LOPEZ, an individual; RACHEL SIMONS, an individual; GLORIA MEJIA, an individual; STEPHANIE MORALES, an individual; LAURA LUNA, an individual; SANDRA JIMENEZ, an individual; OFFICER PACHECO, an individual; OFFICER ESPINOZA, an individual, and DOES 1- 10,<br><br>　　　　Defendants. | Case No.: 19-cv-01770-RGK (RAO)<br><br>[Assigned to the Honorable R. Gary Klausner– Courtroom 850]<br><br>**DECLARATION OF BRIAN OLNEY AND EXHIBIT IN SUPPORT OF PLAINTIFFS' OBJECTIONS AND REQUEST TO STRIKE THE DECLARATION OF RYAN A. GRAHAM AND EXHIBITS 1-3 IN SUPPORT OF DEFENDANTS' RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:　　September 16, 2019<br>Time:　　9:00 a.m.<br>Crtrm:　　8:50<br><br>Complaint filed:　　August 15, 2018<br>Discovery Cut-Off:　January 2, 2020<br>Motion Cut-Off:　　January 16, 2020<br>Trial Date:　　　　March 31, 2020 |

[Additional Counsel continued from previous page]

Olu K. Orange, Esq. (SBN 213653)
o.orange@orangelawoffices.com
ORANGE LAW OFFICES, P.C.
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
TEL: (213) 736-9900
FAX: (213) 417-8800

Rachel Steinback (SBN 310700)
LAW OFFICE OF RACHEL STEINBACK
P.O. Box 291253
Los Angeles, CA 90029
Telephone: (213) 537-5370
Facsimile: (213) 232-4003
Email: steinbacklaw@gmail.com

Attorneys for Plaintiffs

## DECLARATION OF BRIAN OLNEY

I, Brian Olney hereby declare and say:

1. I am a partner at the law firm of Hadsell Stormer Renick & Dai LLP. I am an attorney licensed to practice law in California and before this Court, and am counsel of record for Plaintiffs in this action. The information contained herein is based on my personal knowledge, or upon review of files and documents generated or received and regularly maintained by my office in connection with this case. If called upon, I could testify in a court of law to the accuracy of the matters set forth herein.

2. On August 1, 2019, this Court issue an order granting in part and denying in part Defendants' motion to dismiss. (Dkt No. 67.) The Court granted Plaintiffs leave to amend their violation of mandatory duty claim. *Id.* at 11, 13.

3. On August 5, 2019, I sent Defendants an email providing notice under Local Rule 7-3 of Plaintiffs' intention to file a motion for leave to make amendments beyond those permitted by the Court's August 1 order—specifically, to amend the operative complaint to add Karla Garcia as a Plaintiff and allege facts supporting B.A.'s negligence and negligence per se claims. I did not ask to meet and confer regarding Plaintiffs' intention to amend their violation of mandatory duty claim because the Court had already granted Plaintiffs leave to amend this claim, and Defendants' consent to amend that claim was therefore unnecessary. *See* Fed. R. Civ. Proc. 15(a)(2).

4. On August 7, 2019, I held a telephonic meet and confer with Defense counsel Ryan Graham. Defense counsel states in his declaration that "I asked Mr. Olney if he intended to amend with respect to that specific claim for relief. He answered in the negative." (Dkt No. 75-1 ¶ 4(a).) This statement is not true. I never told Defense counsel that Plaintiffs did not intend to amend their mandatory duty claim. To the contrary, I told Defense counsel that Plaintiffs would be amending this claim as permitted by the Court. Defense counsel did not ask whether or not Plaintiffs would include their amendment to their mandatory duty claim in their Rule 15 motion for leave to make other amendments. I made no representation that all amendments would be contained within a

single pleading.

5.     By August 13, Plaintiffs had determined that we would require more time to prepare and file our motion for leave to amend.  Because Defendants had indicated their intention to file their motion for judgment on the pleadings on August 13 and notice the motion for hearing September 16 so that it would be heard on the same day as Plaintiffs' own motion, I emailed Defense counsel the morning of August 13 to inform them that we would not be filing our motion that day.  (Dkt No. 75-4.)

6.     Defense counsel states that "I believed, when I read Mr. Olney's email on August 13, 2019, that Plaintiffs' motion would be filed on August 19, 2019, the same date as mine, in order to be heard on September 16." (Dkt No. 75-1 ¶ 6.)  I never told Defense counsel Plaintiffs intended to file their motion on August 19.  After I sent my August 13 email, Defense counsel never asked me when we anticipated filing our amended pleadings and motion for leave to amend, and they never asked whether Plaintiffs intended to file their motion on August 19.

7.     Defendants filed their motion on August 19 at 10:52 P.M.—nearly at the midnight deadline to file a motion that day. (Ex. A).  By this late hour, it likely would have been apparent to Defendants that Plaintiffs would not be filing their motion on August 19.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 4th day of September 2019, in Pasadena, California.

                                       /s/ Brian Olney
                                       Brian Olney